## HALL *against* DEAN.

THIS was an action of covenant. The declaration stated, that on the 30th of *March*, 1804, the defendant and his wife executed a certain deed, by which, for the consideration of 4,625 dollars, they conveyed certain premises to the plaintiff, in fee; and the defendant, among other things, covenanted, " that the said *Joseph Hall*, his heirs and assigns, should, and might, at all times thereafter, peaceably and quietly have, hold, occupy, and enjoy the above-granted premises, and every part thereof, and the appurtenances, without any let, suit, trouble, molestation, eviction, or disturbance of the said *Daniel S. Dean*, his heirs or assigns, or of any other person, lawfully claiming or to claim by, from, or under him, or any of them, and that free, clear, discharged, and unincumbered from all former and other titles, charges, estates, and incumbrances of what nature or kind soever had, made, committed, done, or suffered by the said *Daniel*, his heirs or assigns, or by any other person or persons whomsoever, any thing having or claiming in the premises."

The plaintiff then averred, that *John Murray* and *Edward Peyer*, executors of *Jacob Watson*, obtained a judgment in the supreme court against the defendant for 10,800 dollars debt, and 28 dollars and 55 cents damages, which was docketed, prior to the execution of the deed, on the 23d of *February*, 1804, which judgment remained and continued in full force and virtue, and was a valid existing incumbrance on the premises, until on the 5th of *May*, 1804, when the plaintiff was forced to pay, and did pay, the sum of 3,700 dollars, for, towards, and in satisfaction of, the said judgment.

To this declaration there was a general demurrer and joinder in demurrer. The cause was submitted to the court without argument.

YATES, J., delivered the opinion of the court.

If this had been a covenant for quiet enjoyment only, it is clear that a lawful eviction of the grantee would be necessary to authorize the action, because such a covenant goes to the possession, and not to the title; (3 *Johns. Rep.* 471. 5 *Johns. Rep.*

*Note (margin):* Where a grantor covenanted that the grantee should, peaceably and quietly, hold the premises, without any let, suit, &c., of the grantor, or of any person lawfully claiming under him, and that free from all former incumbrances of what nature or kind soever, made by the grantor, it was held that a judgment against the grantor, outstanding at the time of executing the deed, was a breach of the covenant, and that the grantee having satisfied the judgment, without waiting until he was evicted, was entitled to recover the amount paid from the grantor.

130. ;) but, in this case, the covenant against incumbrances is coupled with it. The defendant not only covenants that the plaintiff shall peaceably and quietly occupy and enjoy the premises, but that the premises shall be free, clear, discharged, and unincumbered of, and from, all former and other titles, charges, estates, and incumbrances of what nature or kind soever, had, made, committed, done, or suffered by the defendant, his heirs or assigns, or by any other person, or persons, whomsoever. Is it true, then, according to this covenant, that the premises were thus unincumbered when the conveyance was executed? The contrary appears to be the case. The judgment of *Murray & Peyer*, survivors of *Murray, Peyer, & Watson*, executors, &c., was an existing incumbrance at the time. The allegation in the covenant is not, therefore, founded in fact. The covenant must be deemed to have been broken, and, without discharging the incumbrance, the plaintiff would have been entitled to nominal damages; but, in this case, the judgment was averred to have been paid by him, which he had a right to do without waiting until he was evicted. He has, therefore, properly resorted to his action on the covenant, to recover back the amount paid by him, in extinguishment of the judgment against the defendant. (7 *Johns. Rep.* 358.)

Judgment for the plaintiff.