Hitchcock, J.
In the consideration of this case we have been led to inquire whether the title of the plaintiff was defeated 880] *by a paramount legal right, or whether the mortgage from Ely to "Williams and others was a mere incumbrance upon the land, which the plaintiff might remove by payment, and look to -hisj covenantors for indemnity. If the former, then the plaintiff is entitled to recover upon his covenant of warranty, and in such case, the law is well settled in this state that the rule of damages is the consideration money paid and interest. At least such would be the rule where the whole land was lost to a purchaser by a paramount title. If but a part is lost, the damages must be commensurate with this loss, estimating the same according to the consid< eration actually paid. In the suit in chancery between Foote and Williams, determined in 1834, this court seem to have considered the claim of Williams not as a paramount legal title, but as an incumbrance upon the land, which might be removed by the present plaintiff, and decreed accordingly. In pursuance of this decree, this incumbrance was removed by the plaintiff, and he now seeks 331] to recover the ^amount paid to remove it under the covenant in his deed against incumbrances.
This claim is resisted by the defendant’s counsel, upon the ground that the covenant against incumbrances in the deed from Burnet and Corry to John P. Foote was a personal covenant, that it was broken as soon as made, if broken at all, and did not pass with the land to the present plaintiff. That the covenant of seizin has been generally, by courts, considered as a personal covenant, and not running with the land, is fully shown by the authorities cited. And in this respect the covenant against incumbrances is not dissimilar to that of seizin. So far as it respects this latter covenant, the question whether it is a real or personal covenant was beforo this court in the case of Backus v. McCoy, 3 Ohio, 211. Many of the authorities which are now cited were then examined by the court, and the case fully considered. After much deliberation it was decided that the covenant of seizin in a deed, when 332] the covenantor *is in possession claiming title, is a real covenant running with the land. But where the covenantor is not in possession, and the title is defective, it is broken as soon as made, and never attaches to the land, being in the nature of a personal covenant. It is true the plaintiff’s counsel questions the authority of this case, and claims"that it is unsustained by authority. It is *333, 334 admitted that there are authorities against the decision, and it is clear that there are authorities which go to sustain it. But if there were no such authorities, still we shall be disposed to abide by it so long as we believe it to be in accordance with the immutable principles of right and justice.
The same train of reasoning which led the court to this decision will lead to a similar result with respect to the covenant against incumbrances. This covenant, like “ the covenant of seizin, is made for the benefit of the grantee in respect to the land. It is not understood as a contract, in which the immediate parties are alone interested, but as intended for the security *of all subsequent grantees.” If the first grantee continues [333 in possession of the land while his title remains undisturbed, and conveys to a subsequent grantee, in whose time an outstanding incumbrance is enforced against the land, justice requires that this subsequent grantee should have the benefit of the covenant against incumbrances, to indemnify himself. We hold, therefore, in accordance with the decision in the case of Backus v. McCoy, that a covenant against incumbrances is a covenant running with the land until the incumbrances are removed. And, therefore, that the plaintiff is entitled in this case to recover ior the breach of such covenant.
The next question is as to the measure of damages, and upon this question we have had much difficulty. It is said, in the books, that the covenant against incumbrances is a contract of indemnity, and hence it is argued that the covenantee may recover to the extent of the amount he has paid to extinguish the incumbrance. If this be correct, then, upon this covenant, a *re- [334 covery to a much greater amount may be had than upon the covenant of warranty, which is over considered the principal covenant in a deed. In the case before us, the consideration money paid to Burnet and Corry for the land was $1,020. If the plaintiff had entirely lost the land by paramount title, all he could have recovered would have been this sum, together with interest. But he has not boen deprived entirely of the land. He has paid off an incumbrance amounting to $1,773.95. If in the present action he can recover this amount with interest, ho recovers more than ho would have done had he entirely lost the land. There would seem to be some inconsistency in this.
That in an action for the breach of a covenant against incum *335, 336 brances, the measure of damage i's the amount paid in good faith to remove such incumbrances, is sustained by the following authorities : Delavergne v. Norris, 7 Johns. 358; Hall v. Dean, 13 Johns. 105 ; Leffingwell v. Elliott, 10 Pick. 204; Brooks v. Moody, 335] 20 Pick. 474; Prescott v. Truman, 4 Mass. *627. Many other cases might be cited to the same point, but it is unnecessary, as they are referred to in the argument of counsol. But in none of these cases does it appear that the amount paid to remove incumbrances exceeded the amount of consideration money, paid for the land.
Chancellor Kent, in his commentaries, 4 Kent Com. 476, 2 ed., says, “If the subsisting incumbrances absorb the value of the land, and the quiet enjoyment be disturbed by eviction by paramount title, the measure of damages is the same as under the covenants of seizin and warranty. The uniform rule is, to allow the consideration money, with interest and cost, and no more. The ultimate extent of the vendor’s responsibility, under all or any of the usual covenants of his deed, is the purchase money with interest.”
In seeking for adjudged cases we have found but one analogous to the case before us, and that is the case of Dumrick v. Lockwood, Í0 Wend. 142. In that ease the consideration paid was $125, and the enhanced value by reason of improvements was $1,000. A moiety of the premises had been sold by virtue of a pre-existingjudgment against the grantor. The action was fpr a breach of the covenant against incumbrances. The court hold that the grantee was entitled to recover only the consideration of the purchase of the portion lost, with interest and costs, and not the enhanced value in consequence of improvements. In giving the 336] opinion of the court, Chief Justice *Savage, alter reviewing all the authorities, in closing, says, “ Among all the cases which have been cited, there is none in our court, where the purchaser has been permitted to recover beyond the consideration money and interest and costs. There is none in Massachusetts where, under the covenant against incumbrances, the purchaser has recovered any more, though there the rule allows a recovery for the value at the time of eviction. All the reasoning of our judges goes to limit the responsibility of the grantor to the consideration, with interest and cost, and I am unwilling to go further, where the principle to be established may lead to greater injustice.”
After lull consideration, and careful examination, we have been *337 led to the conclusion that the law is as laid down in this case. That the true measure of damages, in an action'for the breach of the covenant against incumbrances, is the amount paid to remove the incumbrance, with interest, provided the same do not exceed the purchase money and interest. But in no case can a purchaser recover greater damages for the breach of any of the ordinary covenants in his deed, than for a breach of the covenant of warranty.
Judgment will be entered in favor of the plaintiff, computing the damage upon this principle. Judgment for the plaintiff.