SOULE *et al. v.* DIXON *et al.*

(*Supreme Court, General Term, Fifth Department.* June, 1888.)

VENDOR AND VENDEE—ACTION FOR PRICE—FAILURE OF TITLE.

Where land, subject to the lien of a judgment, is bought by the judgment cred- itor, at the sale of an assignee in bankruptcy, and sold by him to a third party, who takes a deed from the assignee upon the promise of the judgment creditor to release the judgment, the purchaser, having never been disturbed in his possession, can- not set up the breach of such promise in defense to an action to foreclose a mort- gage for the purchase price, or to escape a personal judgment for an unsatisfied balance.

Appeal from special term, Ontario county.

An appeal from a judgment rendered upon the decision of the Ontario special term, in an action to foreclose a mortgage, made and executed by the defendants, Nancy Dixon and John P. Dixon, to George C. Snow, and direct- ing a judgment against them personally for any deficiency that may exist after applying the proceeds of sale. On the 8th day of October, 1878, the title to the premises was in George S. Prouty, and on that day Snow, the mort- gagee, recovered a judgment against Prouty for $6,857.94, which was dock- eted in the Ontario county clerk's office, and became a lien upon the premises. In November, 1878, an instrument was filed in the Ontario county clerk's office purporting to be a deed from John Fitch, as register in bankruptcy in the matter of the said George S. Prouty, a bankrupt, conveying the premises to John S. Risley, as assignee in bankruptcy. Subsequently, on the 7th day of August, 1880, the said Risley sold at auction the premises described in the complaint to the mortgagee, Snow. Previous to such sale Snow entered into an oral agreement with the defendant Nancy, by which he agreed that, if the premises consisting of five acres were purchased by him, at the sale he would sell and convey the same to her for the sum of $500. After the sale, at the request of Snow, the defendant Nancy consented to receive a conveyance of the premises direct from Risley, the assignee; and at the same time Snow promised her that, if she would accept the deed from Risley, he would release the lands from the said judgment, upon the records of the clerk's office of Ontario county, and he would make the title to such land clear and perfect upon said records; and thereupon the said Nancy paid to Snow, towards the consideration money, the sum of $190, and the said Nancy, together with her husband, the other defendant, executed and delivered to said Snow the bond and mortgage in suit. No question was raised upon the trial that the defend- ants' answer did not set up the defense upon which they relied to defeat the plaintiffs' action. Snow assigned the bond and mortgage to Mary J. Soule, and, she having died, the plaintiffs were appointed her personal representa- tives. The mortgagee has never by any instrument in writing released the premises from the judgment lien.

Argued before BARKER, P. J., and HAIGHT, BRADLEY, and DWIGHT, JJ.

*D. V. Backentose,* for appellants. *Mark A. Powell,* for respondents.

BARKER, P. J. Upon the facts of the case, no defense was presented against the enforcement of the mortgage lien; nor do they constitute a bar to the recovery of a judgment against the mortgagors for any deficiency which may exist after applying the proceeds of sale. As the mortgagors remain in the undisturbed possession of the premises, it cannot be claimed by them that there has been a failure of the consideration for which they made their promise to pay to the mortgagee the sum mentioned in the bond and mortgage. The general rule is that there must be an eviction before any relief can be granted the mortgagor on the ground of the failure of title or consideration. So long as he remains in possession of the premises, or until he surrenders to some paramount title, the mortgagor has no defense. His only remedy is at law, on the covenants made by his grantor. *Abbott* v. *Allen*, 2 Johns. Ch. 519; *York* v. *Allen*, 30 N. Y. 105; *Parkinson* v. *Sherman*, 74 N. Y. 88; *Gifford* v. *Society*, 10 N. E. Rep. 39. If he has no covenants to which he can resort for indemnity, and no fraud was perpetrated upon him, he is then without remedy, either at law or in equity. The deed to the mortgagors contained no covenant, and it is not even pretended that any cheat or fraud was perpetrated in conducting the negotiations which resulted in the execution of the bond and mortgage. At the time the deed was delivered the husband of the grantee was in the actual possession of the premises, and had been for a long period of years; but the character of such possession, or under whom they entered, was not disclosed on the trial. It is to be presumed that they knew the nature of the title which they would acquire by accepting the deed from their grantor. But it is no matter whether they did or not. They made their promise to pay the sum of money at the time and in the manner set forth in their bond, for the benefit and advantage which they would derive from the conveyance. The mortgagee, Snow, at the time the deed was delivered, promised the grantee, if she would accept the deed from Risley, he would release the premises from his judgment lien, and he would make the title clear and perfect on record; and she and her husband, relying on this promise, accepted the deed, and executed and delivered the bond and mortgage. This promise has not been kept by the mortgagee. He has not executed any instrument releasing the premises from the lien of his judgment, and by the record the same remained an apparent lien thereon, up to the time of the entry of the judgment. In this action no attempt has been made by Snow or any other person to enforce the lien as against the premises. We are unable to discover how the breach of Snow's promise to discharge the judgment of record as to these premises has resulted in an injury to the appellants, so as to entitle them to more than nominal damages. The legal effect of his promise was to terminate the lien on the premises in question. *Holcomb* v. *Holcomb*, 2 Barb. 20. The appellants have a perfect defense to all proceedings which Snow, or any other person claiming under him, may institute to enforce the judgment against these premises; or they may maintain an action in equity, and procure a decree, declaring the lands discharged therefrom. In reaching these conclusions, we have, for all the purposes of this appeal, regarded the plaintiffs as being in no better position than Snow would have been if he had remained the owner of the bond and mortgage, and was seeking to enforce the same in his own behalf. If the judgment had been in favor of a stranger, and the promise had been to procure a release from him of the judgment lien, a different question would have been presented. If the grantor in a deed covenants that the lands are free from incumbrances, the same is broken the moment the deed is delivered, if any incumbrance exists thereon, and the grantee may maintain an action for the breach. But he can recover no more than nominal damages, unless he has paid off the incumbrance. *Delavergne* v. *Norris*, 7 Johns. 358; *Hall* v. *Dean*, 13 Johns. 105. Snow cannot enforce the judgment, nor transfer the same to another for that purpose; for his assignee would take it subject to the equities arising out of

Snow's promise to discharge the lien. As no fact has been established which bars a recovery, and it does not appear that the mortgagors have suffered more than nominal damages by reason of the breach of Snow's promise, no offset or counter-claim was established, and the judgment should be affirmed, with costs.

All concur.