CHARLES G. LANDON et al., Executors, etc., Respondents, *v.* MARY N. TOWNSHEND et al., Appellants.

To bind the estate of a bankrupt in the hands of his assignee by a judgment of foreclosure in a suit commenced after the bankruptcy and after title to the mortgaged property has become vested in the assignee, it is indispensable that the suit should be brought against him distinctively in his representative or official character, or at least that it should in some way appear on the face of the proceedings that they related to or affected the bankrupt's estate.   It is not sufficient that he is individually made defendant, in the absence of an averment in the complaint of his representative character, or an answer or appearance by him in that character.

*Landon* v. *Townshend* (44 Hun, 561) reversed.

(Argued December 10, 1888; decided January 15, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made on the first Monday of May, 1887, which affirmed a judgment in favor of plaintiffs entered upon the report of a referee.   (Mem. of decision below, 44 Hun, 561.)

This was an action of ejectment.

The facts, so far as material, are stated in the opinion.

*John Townshend* for appellants. The decree against Waddell, individually, did not affect the rights he held as assignee. (*Evans* v. *Mann,* Cowp. 569 ; *Merrill* v. *Seaman,* 6 N. Y. 171 ; *Jackson* v. *Ferris,* 15 Johns. 346 ; *Colt* v. *Colt,* 111 U. S. 566–581 ; *Romaine* v. *Sickles,* 108 N. Y. 652 ; *Van Cott* v. *Prentice,* 104 id. 45–57 ; *Rathbone* v. *Honey,* 58 id. 465–467 ; *Vetterine* v. *Barnes,* 26 Week. Dig. 68 ; *Fisher* v. *Hubbell,* 65 Barb. 74–90 ; *Hunt* v. *Smith,* 1 Week. Dig. 13 ; *Titus* v. *Fairchild,* 49 Super. Ct. [J. & S.] 220 ; *Cruger* v. *H. R. R. R. Co.,* 12 N. Y. 201 ; *Gould* v. *Glass,* 19 Barb. 185.) If the foreclosure suit against Waddell was against him as assignee the judgment was void, because the action was brought without leave of the court. (*Van Sachs* v. *Kretz,* 72 N. Y. 548 ; *Phelps* v. *Sillick,* 8 Bank. Reg. 390 ; *Bartow* v. *Barbour,* 104 U. S. 126 ; *Eyster* v. *Gaff,* 91 id. 521 ; Bigelow on Estoppel [4th ed.] 123, 124.)

*William D. Page* for respondents. All intendments are in favor of the validity of the judgment of a court of general jurisdiction until want of jurisdiction is affirmatively shown. (*Maples* v. *Mackey,* 89 N. Y. 146 ; *Chemung Canal Bk.* v. *Judson,* 8 id. 260 ; *Wells* v. *Wells,* 10 N. Y. State Rep. 251.) The provision of the bankrupt act, that the property shall be sold as the bankruptcy court shall direct, is for the benefit of the creditors. The assignee may, for himself and the creditors, waive that benefit. If he submits himself to the jurisdiction of a state court, he and they are bound by its judgment. (*Norton's Assignee* v *Boyd,* 3 How. [U. S.] 426 ; *Mays* v. *Fritton,* 20 Wall. 414 ; *Eyster* v. *Gaff,* 2 Col. 228 ; 91 U. S. 521 ; *Jerome* v. *McCarter,* 94 id. 734 ; *Cleveland* v. *Boerum,* 24 N. Y. 613 ; *McHenry* v. *La Soulte,* 95 U. S. 58 ; *Tullis* v. *Miller,* 13 Hun, 363 ; Jones on Mort. [3d ed.] §§ 1232–1235 ; Bump on Bankruptcy [10th ed.] 212 ; *Chesterman* v. *Eyland,* 81 N. Y. 405.) Waddell would have been estopped from denying the regularity of the proceedings as against the plaintiffs' testator, who purchased, in good faith for a valuable consideration, his interest at the foreclosure sale, and the defend-

ants, who claim to have obtained Waddell's interest by a subsequent conveyance, stand in his place and are equally bound. ( *White* v. *Evans,* 47 Barb. 183 ; *Stearns* v. *S. L. R. R. Co.,* 2 N. Y. State Rep. 391 ; *Franklyn* v. *Hayward,* 61 How. Pr. 43 ; *Vanderkemp* v. *Shelton,* 11 Paige, 28 ; *Benedict* v. *Gilman,* 4 id. 62 ; *Bolles* v. *Duff,* 43 N. Y. 474 ; 5 Wait's Prac. 247 ; 2 R. S. [1st ed.] 191, § 151 ; *Lansing* v. *Goelet,* 9 Cow. 346 ; *House* v. *Lockwood,* 1 N. Y. State Rep. 199 ; *Ward* v. *Southfield,* 102 N. Y. 293 ; *Maybin* v. *Raymond,* 15 Bank. Reg. 367 ; *Smith* v. *Long,* 12 Abb. N. C. 122 ; *Palmer* v. *Morrison,* 51 Super. Ct. [J. S.] 530 ; *Williamson* v. *Brown,* 15 N. Y. 362 ; *Baker* v. *Bliss,* 39 id. 74 ; *Price* v. *Brown,* 101 id. 669 ; Sedg. & Wait's Title to Land, 775.) A general allegation in a complaint to foreclose a mortgage that a person has, or claims to have, an interest in the premises, which interest is subject to the mortgage, is sufficient to show that he is a proper party. ( *Wagner* v. *Hodge,* 34 Hun, 526 ; *Lewis* v. *Smith,* 9 N. Y. 514 ; *Drury* v. *Clark,* 16 How. Pr. 424 ; *Frost* v. *Koon,* 30 N. Y. 428, 440 ; *Bowen* v. *Wood,* 35 Ind. 268 ; Jones on Mort. [3d ed.] §§ 1231, 1473 ; Thomas on Mort. [2d ed.] § 792 ; 5 Wait's Prac. 197 ; 1 Abb. Forms, 599 ; *Kingsland* v. *Stokes,* 61 How. Pr. 494 ; *Patterson* v. *Copeland,* 52 id. 460 ; *Skelton* v. *Scott,* 18 Hun, 375 ; *White* v. *Joy,* 3 Kern. 83 ; *Beers* v. *Shannon,* 33 N. Y. 297 ; *Stilwell* v. *Carpenter,* 62 id. 639 ; Bliss on Code Pl. [2d ed.] § 145 ; 2 Chitty on Pl. [16th Am. ed.] 3 ; *Cordier* v. *Thompson,* 8 Daly, 172 ; *Holden* v. *Sackett,* 12 Abb. Pr. 473 ; *Westbrook* v. *Gleason,* 79 N. Y. 23 ; *Wing* v. *Field,* 35 Hun, 617 ; *Greenleaf* v. *B. R. R. Co.,* 37 id. 435 ; *Cleveland* v. *Boerum,* 24 N. Y. 613.)

ANDREWS, J. The appellants rest their appeal, as they rested their defense on the trial, upon the claim that the plaintiffs failed to establish title in themselves to the premises in controversy. The trial court found and the judgment there and at the General Term proceeded on the ground that the plaintiffs had the legal title to the lots in question, and the correct-

ness of this conclusion is the question now to be determined. It is undisputed that on the 23d of March, 1836, John Scudder, the then owner of the lots in controversy, conveyed them to Ebenezer L. Williams, subject to a mortgage thereon for $1,000, executed by Scudder to Edward Price, September 5, 1835, and recorded on the same day. By a decree of the United States Court for the southern district of New York, made February 4, 1843, under and pursuant to the bankrupt act of 1841, Williams was adjudicated a bankrupt, and one William C. H. Waddell, who was the general and official assignee in bankruptcy in cases arising in that district, became *virtute officii* the assignee of Williams. Williams owned the lots from March 23, 1836, the date of his conveyance from Scudder to the time of his bankruptcy. The Scudder mortgage was outstanding and unpaid. Under the bankrupt act of 1841, Williams' title to the mortgaged premises, vested by operation of law without any assignment, in Waddell as asssignee. (§ 3.) But the assignee took the title, as theretofore it had been held by Williams, subject to the mortgage. The plaintiffs claim title under a foreclosure of the Scudder mortgage in an action brought by the administrator of Price, November, 20, 1858.

The title of the plaintiffs as presented by the record, depends upon the efficacy of the foreclosure judgment, and the sale thereunder to bar the equity of redemption of Waddell, the assignee in bankruptcy, and those whom he represented. In the title of the foreclosure action the parties were designated "*William Coulter, Administrator of the Estate of Edward Price, Deceased,* v. *Rhoda Williams and William H. C. Waddell.*" The complaint set out the death of Price, the mortgagee, the appointment of the plaintiff as his administrator, the execution of the bond and mortgage, the amount due and unpaid thereon, a description of the mortgaged premises, and contained the usual general averment that the defendants had, or claimed, some interest in the mortgaged premises subsequent to the mortgage, together with a special allegation that on or about December 1, 1838, Price, the mortgagee, instituted proceedings in the Court of Chan-

cery to foreclose the mortgage, but that the defendants, or either of them, were not made parties thereto, "although the defendant, Waddell, had *theretofore* and since the execution and delivery of such mortgage, become seized of the interest of said Scudder in said premises," and "that the claim, right, or title in such premises of these defendants was obtained under and through the said John Scudder since the execution and delivery of said bond and mortgage." Both defendants appeared in the action by the same attorney, December 1, 1858, who afterwards, on the 22d day of December, 1858, consented to a reference to compute the amount due, and this was followed by final judgment of foreclosure December 31, 1858. There was no answer in the action and no appearance therein by Waddell as assignee, the notice of appearance served by the attorney being in the general form, specifying that he appeared "for the defendants in the action." The premises were sold pursuant to the judgment January 28, 1859, and were conveyed to the plaintiff's testator (the assignee of the purchaser), on the same day.

Upon these facts the question arises whether the judgment of foreclosure of January 28, 1859, and the sale thereunder barred the equity of redemption of Waddell, as assignee of Williams, and cut off the Williams title. There was no reference in the summons and complaint to Waddell's official character, nor any suggestion, so far as the record shows, at any stage of the proceedings, as to the nature of his title or interest in the premises. In form, the action was against him as an individual. His appearance was in his individual and not in his representative character. The judgment followed the prior proceedings and adjudged that "the defendants" be forever barred and foreclosed of all right, title, interest or equity of redemption in the mortgaged premises, making no reference to his official character or title. We are of opinion that the foreclosure was ineffectual to bar the equity of redemption of Waddell as assignee in bankruptcy. It is a fundamental doctrine of jurisprudence that

all persons whose interests are to be affected by a judicial decree must be made parties, either individually or by representation, to the proceeding, or have (what in some cases is equivalent), notice, so that they may have an opportunity to be heard, and that as to such persons a judicial sentence, pronounced without their presence or an opportunity to be heard, is a nullity. The owner of the equity of redemption in the mortgaged property is, therefore, a necessary party to a suit for a foreclosure of the mortgage, and if the suit proceeds without his being made a party, his title is not affected by the decree. (*Reed* v. *Marble*, 10 Paige, 409; *Winslow, Assignee, etc.*, v. *Clark*, 47 N. Y. 261.) In the case last cited, this doctrine was applied to an attempted foreclosure of a mortgage on the real estate of a bankrupt, commenced after the bankruptcy, to which foreclosure the assignee was not made a party, and it was held that his title was unimpaired by the proceeding.

The precise question here is whether the fact that Waddell was named as defendant in the foreclosure action and was served with process, he not being named in the process as assignee in bankruptcy, and there being no averment in the complaint of his official character, and no appearance or answer by him as assignee, the judgment concludes the bankrupt's estate, and bars the equity of redemption vested in Waddell as assignee in bankruptcy at the time of the foreclosure. It is unquestionable that upon the bankruptcy of Williams his title passed to his assignee. But the assignee took and held it in his official and representative capacity, having no private, individual or beneficial interest of any kind. The assignee was a trustee of the property for the creditors of the bankrupt, and they and the bankrupt were the only persons beneficially interested in the land. The lien of the Scudder mortgage was not affected by the bankruptcy, although the remedy in the state courts by foreclosure might depend upon obtaining the consent of the bankruptcy court to its enforcement, and in the absence of proof, such consent will be presumed in support of the judgment of foreclosure. But the

insuperable difficulty here is that Waddell was not made a party to the foreclosure in his representative character. The general equitable rule requires that in an action affecting trust property, the *cestui que trust* as well as the trustee is a necessary party, and it applies in mortgage cases as well as others. (Story Eq. Pl. §§ 197, 207; *Rogers* v. *Rogers,* 3 Paige, 378; *Williamson* v. *Field,* 2 Sand. Ch. 533; *Lockman* v. *Reilly,* 95 N. Y. 64.) It is not important to inquire how far this rule has been modified by the present Code of Procedure. The existence of the rule shows the care taken by the courts in protecting the interests of persons interested in trust estates. There is an exception to the rule in case of voluntary general trusts for the benefit of creditors growing out of the difficulty in joining all the creditors, and in such case it is sufficient to bring in the trustee, and the creditors will be bound on the principle of representation. The same exception, and for the same reason, exists in bankruptcy; and it is only necessary to make the assignee a party to a foreclosure or other suit affecting the real property of the bankrupt in his hands. (Story Eq. Pl. § 197.) But to bind the estate of a bankrupt in the hands of his assignee by an adversary judicial proceeding, or by a judgment of foreclosure in a suit commenced after the bankruptcy, it is, we think, indispensable that the suit or proceeding should have been brought against the assignee distinctively in his representative and official character, or, at least, that it should in some way appear on the face of the proceedings that they related to or affected the bankrupt's estate, and that it is not sufficient that the assignee is individually named in the process or pleadings, without any averment of his representative character. This is, we think, in accordance with the general tenor of adjudication. (*Rathbone* v. *Hooney,* 58 N. Y. 465; *Fisher* v. *Hubbell,* 65 Barb. 74; *Merritt* v. *Seaman,* 6 N. Y. 171; *Van Cott* v. *Prentice,* 104 id. 45; *Colt* v. *Colt,* 111 U. S. 566; *Gillett, Rec'r, etc.,* v. *Fairchild,* 4 Den. 80.) The papers served on Waddell gave him no notice that the suit related to the property of the bankrupt. The statement

made in the complaint was in fact misleading, since it alleged that his title or interest, whatever it was, accrued under Scudder prior to December 1, 1838, and consequently before the passage of the bankrupt act. Whether Waddell, in fact, knew that the foreclosure related to land owned by Williams, does not appear. The fact, however, is immaterial. The decisive point is that the owner of the equity of redemption was not brought in, and that the representative interest of Waddell was not involved in a suit in which he was named simply as an individual. It would, we think, be an unwise rule, and one not authorized by adjudged cases, to permit beneficial interests in trusts of this character to be affected by such loose proceedings as were taken in this case.

These views lead to a reversal of the judgment. Whether the plaintiff can maintain the action upon any ground other than his title under the foreclosure, we do not consider.

The judgment should be reversed and a new trial ordered.

All concur.

Judgment reversed.