FRANCES H. DUCLOS *et al.*, Appellant and Respondent, *v.* MARY S. BENNER, Appellant and Respondent.

*N. Y. Supreme Court, First Department, General Term, July 9, 1889.*

1. *Will. Construction. Jurisdiction.*—In a former action for the construction of a will, a final judgment was entered, defining the rights of the parties, and granting leave to any party at any time thereafter to apply to the court for further or other relief, as circumstances may require. The petition in this matter alleged that some of the beneficiaries, under the will, had since died without issue, and that a further construction of the will was necessary to determine the rights of the parties. Some of the defendants appeared and filed answers to the petition admitting the facts therein contained, but there was no proof of service upon, nor appearance by, the executor of the testator. Without taking any proofs of the facts alleged in the petition, the court proceeded to construe the will as though such facts had been established. It was held that the court acquired no jurisdiction, as all the necessary parties were not before it, and the facts necessary to be established had not been proved; that it was not sufficient that the parties who appeared, admitted them.

2. *Same. Application at foot of decree.*—Under a general reservation, of leave, at the foot of the decree, to apply for further relief, it seems to be extremely doubtful that the court would have the power to try new issues.

Appeal from an order for the construction of a portion of a will.

*C. B. Smith*, for plaintiffs.

*J. A. Shoudy*, for defendants.

VAN BRUNT, P. J.—It is alleged by the petition of the plaintiffs herein that this action was commenced in November, 1878, for a construction of the will of Hiram Benner, deceased, and that such proceedings were had, and that the will was construed and interlocutory judgment entered, and subsequently a final judgment, defining the rights of the parties. In such final judgment, it was ordered and adjudged that any of the parties to the action were at liberty at any time hereafter to apply to the court for further or other relief, as circumstances might require. It is further alleged in the petition that certain of the beneficiaries, under the will, having died without issue, a further construction of the will is necessary to determine the rights of the parties. Some of the defendants appear and file answers to the petition. There is no proof of service upon, or appearance by one of the defendants, Frank M. Benta, either individually or as executor of the last will and testament of Hiram Benner, deceased.

The notice of motion is not addressed to said Benta as executor, and he is, therefore, only made a party to this proceeding as an individual. Landon *v.* Townshend, 112 N. Y. 93; 20 N. Y. State Rep. 223. His presence as executor was absolutely necessary. There is no proof even that Benta, as an individual, has been served. It is true that the papers contain what purports to be an admission by Benta, as an individual, of such service, but this signature is in no way proved. It may be claimed that the affidavit of Joseph M. Duclos proves such signature, but such method of proof of the execution of papers is in no way recognized by statute.

The court, without taking any proof of the facts alleged, then proceeded to construe the will as though such facts had been established. Even if the court could acquire jurisdiction by such a proceeding, all the necessary parties were not before it, as we have seen, and the facts which it was necessary to establish had not been proven. It was not suf-

ficient that the parties who appeared admitted them. The court was bound to take proof of the facts of the death of the *cestui que trust*, and that he died without issue, at least, and this proof could not be supplied by any admission, because the right of the parties appearing to admit anything depended upon the existence of these facts. Furthermore, it is doubtful whether the court could acquire jurisdiction in this summary manner to enter upon a new field of discussion and upon the determination of new issues.

The right to apply at the foot of the decree ordinarily appertains only to the carrying out of the determination which the court, by the decree, has made, and does not relate to the trial and investigation of new issues not embraced within the original action. Whatever directions it might be necessary for the court to give, to carry out its decree, form the fitting subject of an application at the foot of the decree.

By the insertion of the clause in question the court does not seem to have acquired any greater power than has long been the practice of the court of chancery to exercise.

It has always been the practice of a court of equity to hear applications at the foot of its decrees, in reference to the matters embraced within the decrees and adjudicated upon therein. If the court had desired to have reserved any particular question for future consideration, it might possibly have done so by making a reservation in the decree to that effect, but under a general reservation of leave to apply for further relief, it seems to be extremely doubtful that the court would have the power to try new issues.

In any event, in the case at bar, the proper parties were not before the court, and there was no proof before the court which could possibly authorize it to act.

As has already been said, the court should have required legal evidence of the death of the *cestui que trust* without issue, and not have relied upon the mere naked allegation in a petition, even though admitted by a so-called answer.

3

The order appealed from should be reversed and the petition dismissed, without costs.

DANIELS and BRADY, JJ., concur.