HENRY J. McGUCKIN, Plaintiff, v. SAMUEL W. MILBANK and Others, as Executors, etc., of WILLIAM A. CAULDWELL, Deceased, Defendants.

| 83 473 |
| 152a 297 |
| 83 473 |
| 42ap570 |

*Second mortgage — not cut off by the foreclosure of a prior mortgage — when a defendant is not concluded in his character as trustee by a judgment in favor of a co-defendant — damages recoverable under a covenant against incumbrances.*

Where a second mortgagee holds the mortgage as trustee, and is not made a party in his official capacity to an action brought to foreclose the prior mortgage, if it does not appear on the face of the complaint, or by answer, or by his appearance in the capacity of trustee, that the trust which he represents is intended and understood to be affected by the suit, the second mortgage remains a lien upon the premises after their sale under the foreclosure of the prior mortgage. Per PARKER, J.

A defendant in an action, who has made default therein, is not concluded by the judgment rendered therein in favor of a co-defendant, if he has not been served with a copy of the co-defendant's answer pursuant to the provisions of section 521 of the Code of Civil Procedure. Per PARKER, J.

A party who sues on a covenant against incumbrances is entitled, if he has extinguished the incumbrance, to recover the price he has paid for it, but if he has not extinguished it, and it is still an outstanding incumbrance, his damages are but nominal, for he will not be permitted to realize the value of an incumbrance, on a contingency, where he may never be disturbed by it. Per PARKER, J.

Under a covenant against incumbrances, where no fraud is established, the grantee, if an incumbrance exists which there has been no attempt to enforce, can only recover nominal damages unless he has paid the amount thereof. Per PARKER, J.

*Semble*, that where a second mortgage is given to a party who is therein described, individually only, but the mortgage, by a clause following the description of the mortgaged premises, states that it is given to such party as trustee for certain other persons, the case does not come within the decision of *Landon* v. *Townshend* (112 N. Y. 93; 129 id. 167), and the fact that such party is made a party individually, and not in the capacity of trustee, to an action for the foreclosure of a prior lien on the mortgaged premises, does not operate to prevent the lien of the second mortgage being extinguished by the judgment and sale in such foreclosure suit. Per VAN BRUNT, P. J., and O'BRIEN, J.

Motion by the defendants, Samuel W. Milbank and others, as executors, etc., of William A. Cauldwell, deceased, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance upon the verdict of a jury in favor of the plaintiff rendered by direction of the court after a trial at the New York Circuit on the 11th day of June, 1894.

This action was brought to recover damages for an alleged breach of a covenant against incumbrances contained in a deed made by the defendants' testator, William A. Cauldwell, and wife to the plaintiff, covering premises on One Hundred and Twentieth street in the city of New York.

One Davies, prior to March, 1887, was the owner of lots Nos. 59, 61, 63, 65, 67 and 69 East One Hundred and Twentieth street, New York city.

March 9, 1887, he executed and delivered to William A. Cauldwell a mortgage on each of said lots, each of which was given to secure $5,000, or such part as should be advanced toward improving the premises. June twenty-seventh following, Davies made a further mortgage to George N. Manchester covering the six lots, which mortgage contained a clause immediately following the description of the property, providing that the mortgage was in trust to secure the payment to various individuals therein named of certain sums aggregating $5,000. Cauldwell subsequently foreclosed his mortgages, and in the actions of foreclosure made George N. Manchester a party, naming him individually and not as trustee. Decrees were entered in all these foreclosure suits; subsequently the properties were bought by Cauldwell at the foreclosure, who afterwards sold all of the lots to this plaintiff. Plaintiff made no objection to taking the title on the ground that Manchester had been named individually as a defendant in the foreclosure suits, and it does not appear that either of the parties to the conveyance were aware that there was any basis for a claim that Manchester's mortgage had not been cut off by the foreclosure.

After plaintiff had obtained title he made an application to the Metropolitan Life Insurance Company for a loan of $10,500 upon each of the lots. The loan was made and thereafter plaintiff sold four of the lots, and as to them there is no controversy. In 1890 the Metropolitan Life Insurance Company commenced suits

to foreclose its mortgages on Nos. 65 and 67, which resulted in judgments of foreclosure and sale, bearing date the twenty-eighth day of May of that year, the referee's report of sale being dated October 20, 1890. It does not appear that at the sales the attention of any one was called to the fact that George N. Manchester was made a party defendant individually, and not as trustee in the Cauldwell foreclosures, and so far as we are advised by the record, it does not appear that such fact was taken into consideration, or that it in any wise affected the bidding for the properties. After the commencement of such foreclosure suits the plaintiff made a contract for the sale of one of the two remaining houses to one Wittkowski, who subsequently refused performance on the ground that the Davies mortgage was an incumbrance upon the property.

Subsequent to the sale of the lots, pursuant to the judgment of May 28, 1890, by which plaintiff was divested of title, a suit was commenced by George N. Manchester, as trustee, to foreclose the mortgage complained of, in which action all subsequent parties in interest were made defendants, including the plaintiff and each of the persons who were *cestuis que* trust under the Davies mortgage to Manchester. It resulted in a judgment dismissing the complaint, adjudging that the sale under the six several judgments of foreclosure, obtained on the foreclosure of the Cauldwell mortgages, did actually divest the lien of the mortgage executed by Davies and wife to George N. Manchester, as trustee.

The court held that the plaintiff was entitled to recover as damages the proportionate part of the face of the mortgage which the two lots should bear, or one-third of $5,000, and in accordance with such holding he directed the jury to find a verdict in favor of plaintiff for $1,666.66.

*Daniel P. Mahony*, for the plaintiff.

*John L. Cadwalader*, for the defendants.

Parker, J.:

The ruling of the court, that the Manchester mortgage constituted an incumbrance upon the property at the time of the conveyance from Cauldwell to this plaintiff, is in accord with the decision of the Court of Appeals in *Landon* v. *Townshend* (112 N. Y. 93 ; 129 id. 169), because Manchester was not made a party in his official capacity,

nor was it made to appear on the face of the complaint, by answer, or by the appearance of Manchester in the capacity of trustee, that the trust which he represented was intended and understood to be affected by the suit.

The trial court rightly decided, as we think, that the plaintiff was not estopped by the judgment in the suit of Manchester, as trustee, against Davies et al., from asserting the existence of the incumbrance at the time of the conveyance to him, and its continuance during the period in which he had title to the property. It is true that he was made a party defendant in that suit, as were all the parties interested in any way in the property subsequent to the execution of the Manchester mortgage, including the *cestuis que* trust thereunder, but he made default, and thereupon, as against him, the plaintiff (Manchester) was at liberty to enter judgment for the relief demanded in the complaint, and to that extent, had judgment been so entered, he would have been concluded. He might have been concluded by the judgment rendered in favor of the defendant Cauldwell, against the plaintiff, had he been served with a copy of Cauldwell's answer, as directed by section 521 of the Code of Civil Procedure, but that was not done; hence, as between him and his co-defendant, Cauldwell, nothing was determined. (*Ostrander* v. *Hart*, 130 N. Y. 406.)

Upon the question of damages we think the plaintiff, under the evidence, was only entitled to recover nominal damages.

The covenant against incumbrances was broken the instant the conveyance was made to him, because the Manchester mortgage constituted an incumbrance, but the plaintiff was not evicted because of it, nor was any proceeding taken to enforce the incumbrance during the time that the title to the property was vested in him, and he did not pay it or pay anything on account of it, nor was he requested to. *Delavergne* v. *Norris* (7 Johns. 358) is a leading case on that question in this State. The premises, which were conveyed by a deed containing a covenant against incumbrances, were covered by several prior mortgages which had been duly recorded, securing in the aggregate the sum of $2,000. The plaintiff paid mortgages aggregating $1,163.44 prior to the commencement of the action, leaving unpaid the sum of $835.30, and the question presented was, whether he was entitled to recover the aggregate sum secured by

the mortgages or only the sum which he had paid? And the court held, that as to the mortgages remaining unpaid, he could only recover nominal damages, as he might never be disturbed by an effort to enforce their collection. The court stated the rule as follows: "If the plaintiff when he sues on a covenant against incumbrances has extinguished the incumbrance, he is entitled to recover the price he has paid for it, but if he has not extinguished it, but it is still an outstanding incumbrance, his damages are but nominal, for he ought not to recover the value of an incumbrance on a contingency where he may never be disturbed by it. This is the reasonable rule, for if he was to recover the value of an outstanding mortgage, the mortgagee might still resort to the defendant on his personal obligation and compel him to pay it, and if the purchaser feels the inconvenience of the existing incumbrances and the hazard of waiting until he is evicted, he may go and satisfy the mortgage and then resort to his covenant."

In *Hall* v. *Dean* (13 Johns. 105) the incumbrance was a judgment, which the grantee paid before commencing the action, and the court held, citing *Delavergne's* case (*supra*), that the covenant being broken the grantee was only entitled to nominal damages without discharging the incumbrance, but having paid it he was entitled to recover the amount paid. The same rule was asserted in *De Forest* v. *Leete* (16 Johns. 123). In *Stanard* v. *Eldridge* (16 id. 255) the deed contained a covenant which was held to be in effect a covenant against incumbrances. The covenant was broken because there was in existence, at the time of the conveyance, a mortgage which covered the premises with others. At the time of the commencement of the action the plaintiff had not discharged the incumbrance nor had he suffered any disturbance in consequence of it, and the court held, on the authority of *Delavergne's* case, that the plaintiff could only recover nominal damages.

In *Dimmick* v. *Lockwood* (10 Wend. 142) the court cites with approval Mr. Justice VAN NESS' statement that the covenant against incumbrances is strictly a covenant of indemnity, and the grantee may recover to the full extent of any incumbrance upon the land which he shall have been compelled to discharge, and no more. The authorities referred to (*supra*) are also cited with approval, but in that case the grantee was actually evicted by the foreclosure of

the incumbrance, and the measure of damages was held to be the consideration paid by the grantee, with interest. In *Grant* v. *Tallman* (20 N. Y. 191) a grantee of land, with covenants against incumbrances, in an action brought to recover the purchase money, alleged as a defense an outstanding incumbrance which his grantor had made a primary charge upon other lands which were of sufficient value to secure its payment. The court said: " It is, I think, well settled that where the incumbrance has not been paid off by the purchaser of the land, and he has remained in quiet and peaceable possession of the premises, he cannot have relief against his contract to pay the purchase money, or any part of it, on the ground of defect of title. The reason is that the incumbrance may not, if let alone, ever be asserted against the purchaser, as it may be paid off or satisfied in some other way, and then it would be inequitable that any part of the purchase money should be retained."

In this case it may be remarked in passing that the incumbrance was never asserted against the plaintiff, and the evidence is that since plaintiff was divested of his title through the foreclosure of a mortgage given by him, it has been satisfied in another way than by payment in an action brought to enforce it.

In *Soule* v. *Dixon* (1 N. Y. Supp. 697), and *Barlow* v. *St. Nicholas National Bank* (63 N. Y. 399), the cases of *Delavergne* v. *Norris* and *Hall* v. *Dean* (*supra*) were cited with approval upon the proposition that a covenantee will be restricted to nominal damages, if his possession has not been interfered with, unless he has paid the incumbrance.

To the same effect are Sedgwick on Damages (8th ed.), 976 ; 2 Sutherland on Damages (2d ed.), § 622, and Rawle on Covenants of Title (4th ed.), 288.

Our attention has not been called to any case in this State in which the authority of the cases we have referred to is questioned, and the rule which they establish is that, under the covenant against incumbrances, where no fraud intervenes, the grantee, where an incumbrance exists, which no attempt has been made to enforce, can only recover nominal damages unless he shall have paid the amount. This plaintiff did not pay the amount of the incumbrance ; his possession was not interfered with because of its existence, and no attempt was ever made to enforce it until after his title and that of

his grantee had been divested by the foreclosure of a mortgage given by the plaintiff. The attempt which was then made to enforce it has resulted in an adverse judgment.

The exceptions should be sustained and a new trial ordered, with costs to the defendants to abide the event.

VAN BRUNT, P. J.:

I concur in the result, and in the result only, of the opinion of Mr. Justice PARKER in this case. I do not think that the case of *Landon* v. *Townshend* (112 N. Y. 93 ; 129 id. 167) necessarily applies to this case, and the doctrine in that case should not be extended beyond its actual requirements, as the result must of necessity be the unsettling of titles as to which there has heretofore been no question.

The mortgage of Davies to Manchester was to him individually. He is described as a party individually. It is true that in a subsequent part of the mortgage it is declared that the mortgage is executed and delivered to Manchester as trustee for certain firms, of which Manchester's firm is one. The habendum clause, however, is : " To have and to hold the above-granted, bargained and described premises, with the appurtenances, unto the said party of the second part (Manchester), his heirs and assigns, to his and their own proper use, benefit and behoof forever." The premises were to be held by Manchester, his heirs and assigns — not his successors and assigns. In *Landon* v. *Townshend*, Waddell as assignee, *virtute officii*, took the title, and only in that way — a very different state of the proof from that presented in the case at bar.

O'BRIEN, J., concurred.

Exceptions sustained, new trial ordered, costs to defendants to abide event.