## In re SOLTMANN.

### Appeal of RATHBONE.

(Circuit Court of Appeals, Second Circuit. January 16, 1918.)

#### No. 127.

1. BANKRUPTCY  334—CLAIMS—PROOF—SECURED CLAIM—DEFICIENCY.

    Where a trustee in bankruptcy was not a party to proceedings of a creditor to foreclose his fourth mortgage under which sale was had resulting in a deficiency judgment, the deficiency judgment did not constitute a liquidation of the claim under the mortgage, within Bankruptcy Act July 1, 1898, c. 541, § 57h, 30 Stat. 560 (Comp. St. 1916, § 9641), so as to be provable.

2. MORTGAGES  427(1)—FORECLOSURE—EQUITY OF REDEMPTION.

    The mortgagor, or, if he has conveyed before suit brought, his grantee, is a necessary party to an action to foreclose, and, if not made a party, his equity of redemption is not foreclosed.

3. BANKRUPTCY  213—TRUSTEE—RIGHTS OF.

    Under Bankruptcy Act, § 70 (Comp. St. 1916, § 9654), a trustee, when elected, is by operation of law vested with the bankrupt's title as of the date of adjudication, and where the trustee was not made a party to a suit to foreclose a mortgage on the bankrupt's property, begun after bankruptcy, though before election of the trustee, the equity of redemption, which passed to him, was not foreclosed by the judgment.

4. MORTGAGES  567(1)—FORECLOSURE—PURCHASER.

    Where the mortgagor was not a party to a suit to foreclose, nor was his trustee in bankruptcy made a party, a purchaser at such foreclosure sale becomes an assignee of the mortgage, and if he enters into possession becomes a mortgagee in possession, so that if, upon sale thereafter of the premises under a prior mortgage, a surplus be paid into court, the purchaser will be entitled to it, and if a surplus still remains it will go to the trustee as owner of the equity of redemption.

---

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. BANKRUPTCY ☞334—CLAIMS—LIQUIDATION.

    Where the trustee in bankruptcy was not a party to a suit to foreclose fourth mortgage, and the mortgagee recovered a deficiency judgment. which he attempted to prove against the bankrupt's estate, the sole question for determination, the claim not having been liquidated, was whether the amount bid at the foreclosure sale represented the fair value of the premises, and, the referee having found that the value of the land was ample to secure the whole of the mortgagee's claim, he was not obliged to fix its exact value.

6. BANKRUPTCY ☞334—CLAIMS—LIQUIDATION.

    Where a trustee in bankruptcy was not a party to a suit to foreclose a fourth mortgage, so that the deficiency judgment recovered by the mortgagee was not a liquidation of his claim, the judgment roll was admissible as some evidence of the value of the property.

7. APPEAL AND ERROR ☞544(3)—REVIEW—DETERMINATION.

    Appeals are decided on the record sent up whenever possible, and a decree will not be reversed where. from the record, the appellate court could determine the nature of evidence improperly excluded, and that it would not have affected the result.

Appeal from the District Court of the United States for the District of New York.

In the matter of the bankruptcy of Edward G. Soltmann. From an order expunging his proof of debt, R. Bleecker Rathbone appeals. Affirmed.

See, also, 238 Fed. 241.

Eugene L. Bushe, of New York City, for appellant.

Walter B. Raymond, of New York City (Edwin S. Hall, of New York City, of counsel), for trustee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

WARD, Circuit Judge. This is an appeal from an order expunging R. Bleecker Rathbone's proof of debt against the estate of Edward G. Soltmann, a bankrupt. Rathbone was the owner of a fourth mortgage for $15,000 on premises belonging to the bankrupt, subject to prior mortgages aggregating about $147,000.

After the adjudication Rathbone began an action in the state court to foreclose the mortgage, which was then overdue, filed the usual lis pendens, and obtained permission from the District Court to maintain the action and to make the receiver in bankruptcy a party defendant. Some two months or more after the trustee was elected the usual decree for foreclosure sale was made, and on November 20, 1915, the sale was had, resulting in a deficiency judgment for $16,-334.50 against Soltmann, which was duly entered of record on the docket of judgments in the office of the clerk of the county of New York December 31, 1915.

[1] January 5, 1916, Rathbone filed a proof of debt in bankruptcy, relying upon this deficiency judgment as a liquidation by him of his claim under section 57h of the Bankruptcy Act. Judge Mayer rightly disallowed the claim, on the ground that the trustee not having been made a party the deficiency judgment did not constitute a liquidation of the claim by Rathbone under the mortgage.

[2-4] Thereupon Rathbone filed an amended proof of debt, asking, that the value of the mortgage be liquidated as the court might direct under the same section. The referee in bankruptcy took much testimony of experts as to the value of the mortgaged premises, upon which he found that they were ample security for Rathbone's claim. Judge Manton confirmed the report and ordered the claim to be expunged.

The mortgagor, or, if he has conveyed before suit brought, his grantee, is a necessary party to an action to foreclose, and, if not made a party, his equity of redemption is not foreclosed. The trustee in this case was elected after suit brought, but became vested by operation of law with the mortgagor's title as of the date of adjudication, which was before suit brought, section 70, Bankruptcy Act. Consequently his equity of redemption has never been barred. Winslow v. Clark, 47 N. Y. 261; Landon v. Townshend, 112 N. Y. 93, 19 N. E. 424, 8 Am. St. Rep. 712. The purchaser at such a foreclosure sale becomes assignee of the mortgage, and if he has entered into possession he becomes mortgagee in possession. This is because the land is not sold and the mortgage is sold. Townshend v. Thomson, 139 N. Y. 152, 161, 34 N. E. 891; Jackson v. Bowen, 7 Cow. (N. Y.) 13; Robinson v. Ryan, 25 N. Y. 320; Miner v. Beekman, 50 N. Y. 337.

It results from the foregoing that Rathbone has lost his mortgage, and that the purchaser at the foreclosure sale is the owner of it. If, upon a sale hereafter of the premises under a prior mortgage, a surplus be paid into court, the purchaser at the foreclosure sale under Rathbone's mortgage will be entitled to it. If there remain after that a surplus, it will go to the trustee, as owner of the equity of redemption.

[5] Accordingly the question to be determined was whether the amount bid at the foreclosure sale represented the fair value of the premises. The referee found that the value of the land was ample to secure the whole of Rathbone's claim. We do not think he was obliged to fix the exact value as counsel contends. His finding of fact upon evidence sufficient to support it we are not disposed to disturb.

[6] Another objection made by counsel for Rathbone is that the referee refused to receive in evidence the judgment roll in the foreclosure action. We think this was error, and that he misunderstood Judge Mayer's opinion. While alone it was not sufficient to support a liquidation of the mortgage, it was some evidence of value.

[7] Appeals are decided on the record sent up whenever possible, it being sent back only under exceptional circumstances. We can gather from the facts and figures in this record that the amount bid at the foreclosure sale, together with the prior incumbrances, interest, and taxes, would indicate a value in November, 1915, of between $152,000 and $153,000. Consideration of this evidence does not alter our conclusion.

The decree is affirmed.