## In re ENGLANDER SPRING BED CO., Inc.
### No. 30095.

District Court, E. D. New York.
Sept. 18, 1936.

Lewis, Marks & Kanter, of Brooklyn, N. Y. (Lloyd B. Kanter, of Brooklyn, N. Y., of counsel), for debtor, for the motion.

Edwin M. Slote, of New York City, for Creditors' Committee, supporting the motion.

Zalkin & Cohen, of New York City (I. Akselrod, of New York City, of counsel), for Brooklyn Mortgage Creditors, opposed.

Austin & Du Pont, of Jamaica, L. I., N. Y., for certificate holder Mary E. Steel, opposed.

Harry Fogler, of New York City, for Newburgh Woodlawn Cemetery Ass'n, opposed.

William A. Hyman, of New York City, for Ætna Life Ins. Co., claimant opposing allowances.

Gilbert D. Steiner, by E. M. Bokor, both of New York City, for certificate holder opposed.

J. Franklin Tausch, of New York City, for preferred stockholders.

C. Elmer Spedick, of Brooklyn, N. Y., by G. A. Cartier, for Title Guarantee & Trust Co., for certificate holder opposed.

William E. Lowther, by A. Johnson, both of New York City, for creditors.

Harold Tesler, of New York City, for New York Credit Men's Collection Division.

Seligsberg & Lewis, of New York City, for Giddens.

Martin M. Goldman, of New York City, member of Creditors' Committee.

Lester M. Levin, of New York City, for National Labor Relations Board.

Hughes, Schurman & Dwight and J. D. McCauley, all of New York City, for Bond & Mortgage Guarantee Corporation.

Duberstein & Schwartz, of Brooklyn, N. Y., for Myron Krieger.

James B. Alley, Gen. Counsel, Max O'Rell Truitt, Solicitor, and William Radner, all of Washington, D. C., and Lee Walker, Rex Bullinger, and Arthur A. Armstrong, all of Chicago, Ill., for objector Reconstruction Finance Corporation.

CAMPBELL, District Judge.

This is a motion to approve of the proposed plan of reorganization offered by the debtor as amended and for allowances.

No one appeared in opposition to the motion to approve plan except on behalf of the certificate holders of the first mortgage, and the only brief submitted on their behalf being that submitted by the

attorneys for the Brooklyn mortgage creditors.

Their objection was to paragraph XI of the amended plan of reorganization, in which it is provided that the Brooklyn plant of the debtor shall be transferred to a corporation "subject to the lien of the mortgage" and that "the value of the property covered by said mortgage shall be determined in the manner provided in section 57h of the Acts of Congress Relating to Bankruptcy (11 U.S.C.A. § 93 (h), and if the amount of such value shall be less than the amount of the claim for the mortgage indebtedness, the excess, shall be classified as an unsecured claim, and to the extent of such excess the Brooklyn Mortgage creditors shall be classified as current creditors."

This is a proceeding under section 77B of the Bankruptcy Law (11 U.S.C.A. § 207), so much of which as is necessary for consideration at this time is found at section 77B (b) (5), 11 U.S.C.A. § 207 (b) (5), which reads as follows: "(b) A plan of reorganization within the meaning of this section * * * (5) shall provide in respect of each class of creditors of which less than two thirds in amount shall accept such plan * * * provide adequate protection for the realization by them of the value of their interests, claims, or liens, if the property affected by such interests, claims, or liens is dealt with by the plan, either as provided in the plan (a) by the transfer or sale of such property subject to such interests, claims, or liens. * * * In the case of secured claims entitled to the provisions of clause (5) of this subdivision (b), the value of the security shall be determined in the manner provided in section 57, clause (h) of this Act [section 93, clause (h) of this title], and if the amount of such value shall be less than the amount of the claim, the excess may be classified as an unsecured claim."

At the outset we must remember that the debtor does not seek to reduce the principal amount of the mortgage lien, but simply seeks to transfer the property subject to the lien of the mortgage.

The objecting creditors insist that the corporation to which the assets of the debtor other than the real estate is to be transferred shall assume the obligation of the debtor on its bond.

This the creditors are not entitled to demand, as the debtor could **at any time**

have sold the property to any one subject to the mortgage without requiring the purchaser to assume payment; the debtor alone remaining obligated on its bond to pay any deficiency.

As to the rate of interest, manner of payment, and extension of the time of payment they are substantially as agreed upon when consent was given to the reorganization of the mortgage approximately a year ago.

Two-thirds of the mortgage creditors in amount have not accepted the proposed amended plan or reorganization, and thus the duty is imposed upon this court to provide adequate protection for the realization by the mortgage creditors of the value of their interests, claims, or liens if their assent to the plan is to be rendered unnecessary.

This mortgage was not foreclosed before the petition under section 77B was filed herein, but a reorganization of the mortgage was agreed to which extended the time of payment substantially to the same date as the proposed plan and no motion has been made during the pendency of these proceedings for leave to foreclose.

Of course, the simplest way to determine the value of the security would be by foreclosure and sale, but the time that would be required to accomplish that would render it extremely doubtful if not impossible that a plan of reorganization could be carried out.

It seems to me that this is a situation which the Congress intended to meet when it referred to section 57h in section 77B (b) (5), supra.

Section 57h of the Bankruptcy Act (title 11 § 93 (h), U.S.Code [11 U.S.C.A. § 93 (h)]) provides as follows: "(h) The value of securities held by secured creditors shall be determined by converting the same into money according to the terms of the agreement pursuant to which such securities were delivered to such creditors or by such creditors and the trustee, by agreement, arbitration, compromise, or litigation, as the Court may direct, and the amount of such value shall be credited upon such claims, and a dividend shall be paid only on the unpaid balance."

There has been no disposition of the securities by the security holders. No action to foreclose the mortgage is pending. The security holders do not wish

18

to surrender their mortgage security. Their claim against the debtor for any deficiency must be liquidated, and it seems to me that the provisions of section 57h apply, and this court must direct the manner in which they are to be liquidated. Hiscock v. Varick Bank of New York, 206 U.S. 28, 40, 27 S.Ct. 681, 51 L.Ed. 945.

The manner of liquidation as provided by the proposed plan seems to me to be in accord with the opinion of Judge Mayer in Re Soltmann (D.C.) 238 F. 241, 243, affirmed (C.C.A.) 249 F. 455.

Section 77B (b) (5) contains four subparagraphs, (a) (b) (c) (d). The proposed amended plan in question proceeds under subsection (a), 11 U.S.C.A. § 207 (b) (5) (a), and contemplates the transfer of the mortgaged premises subject to the lien of the mortgage.

In Re Tennessee Pub. Co., 81 F.(2d) 463, the Circuit Court of Appeals of the Sixth Circuit did not hold that the whole of clause 5 of subsection (b), 11 U.S.C.A. § 207 (b) (5) (b), was unconstitutional, but limited its holding to subparagraphs (c) and (d), 11 U.S.C.A. § 207 (b) (5) (c, d).

In Re Murel Holding Corporation (C. C.A.) 75 F.(2d) 941, the application of subparagraphs (c) and (d) were in question, and not subparagraphs (a) and (b).

Central States Life Ins. Co. v. Koplar Co. (C.C.A.8 Cir.) 85 F.(2d) 181, opinion of Circuit Judge Sanborn of August 12, 1936, while not wholly in point, appears to be in consonance with the method of the proposed plan for determining the value of the security.

In Re Preble Corp. (D.C.) 12 F.Supp. 1002, is not exactly in point in this case; the mortgage creditors retain their mortgage and become general creditors only to the extent that the real estate is less in value than the amount of the mortgage.

These represent all the reported decisions touching on the subject in question which have been cited or found by me.

The proposed amended plan is approved, and a special master will be appointed to determine the value of the property for the purposes provided by said plan.

■ As to the allowances requested, we must consider the services rendered, amount involved, and the time consumed, and at the same time keep within the provisions of the statute (11 U.S.C.A. § 207 (c) (9) that they shall not be excessive or exorbitant.

■ The attorneys for the debtor have rendered services which entitle them to a substantial allowance, but considering all the elements to which I have referred, their allowance is fixed at $10,000 plus $98.75 disbursements, making $10,098.75 in all.

■ The attorney for the creditors' committee has rendered services which were of benefit to the estate but the amount requested is more than should be allowed considering the elements to be considered and his allowance is fixed at $4,000.

■ The services rendered by Norman H. Tiger, the secretary for the creditors' committee for the creditors in general, while of value, do not warrant an allowance in the amount requested; but his allowance is fixed at $500 with $295.88 disbursements, making $795.88 in all.

All of these allowances are based on the plan being accepted and carried out, and the order to be entered hereon shall not direct payment in advance thereof. Settle order on notice.