SUSANNAH FORQUER *et al.*, Plaintiffs in Error, *v.* GEORGE FORQUER *et al.*, Defendants in Error.

### ERROR TO ST. CLAIR.

Upon a proceeding in equity for a partition of real estate, if the decree exceeds the prayer of the bill, which was taken *pro confesso*, the decree may be reversed.

THIS was a suit for partition in chancery, and for the correction of an error in a deed made by Susannah Forquer to her children, conveying certain land devised to her by her husband, William Forquer. The suit was brought by defendants in error against the plaintiffs in error, at the March term, A. D. 1856, of the St. Clair Circuit Court. The bill of complaint shows that William Forquer, the husband of Susannah Forquer, plaintiff in error, (defendant below,) died on the 8th of October,

1855, seized of certain land described therein, and leaving twelve children, of whom were all the complainants, except Casselbury and the Shooks; and also by his last will and testament, devised to his said widow all his estate, real and personal, for her lifetime, charged with certain legacies to his children, as set forth in the record. The widow of said testator, by her deed of October 31st, 1855, conveyed to all the said children of said testator, in joint tenancy, 92⅔ acres, two tracts of the land devised to her, being all the real estate received by her under said will, except 46⅓ acres, which she retained. There is in said deed the following clause : " I reserve to myself the rent due, and to become due, from C. Casselbury, out of the real estate of my said husband," which clause next precedes the signature, and follows the testatum clause of said deed of Susannah Forquer. The said bill prays that certain mistakes in description in said deed may be corrected, and shows that " said Casselbury has a lease on a field in the east part of said tract, and of part of the orchard, from said testator, for three years from March 1st, 1855 ; " and after setting out the interest of all the parties in the said land devised to the widow, and by her conveyed to her children, (certain of whom had conveyed to said Casselbury and Shooks, defendants in error,) the bill prays for partition of said land, " or that the same may [might] be sold subject to said lease, under the authority and direction of the Circuit Court, for the benefit of the proprietors." The decree orders a sale of the premises absolutely and without reference to said lease, which the said plaintiff in error, Susannah Forquer, assigns for error.

The record further shows that a motion, based on affidavits, was made in the court below, to amend the record of the decree of sale, so as to make the same subject to said lease, and reserve the rent thereon to the said widow. From the affidavits of Joseph Vollinger in support, and of C. Casselbury and A. W. Shook in opposition to said motion, it appears that they became the purchasers of the land sold ; Casselbury, through Vollinger, who says that he sold his purchase to Casselbury, and claims no interest in the lease. From these affidavits, and from the report of the sale, it appears that Casselbury and the Shooks, defendants in error, are the sole purchasers of the land leased to Casselbury by the testator, William Forquer, the rent of which is claimed by his devisee and widow, the plaintiff in error.

N. NILES, for Plaintiffs in Error.

W. H. AND J. B. UNDERWOOD, for Defendants in Error.

CATON, C. J. Admitting, for the present, that the statements of the bill were sufficiently broad to justify the decree, yet the prayer expressly limited the relief asked, to a sale of the premises, reserving thereon the rent to the defendant, Mrs. Forquer. With such a prayer it was error, when the bill was taken *pro confesso,* for the want of an answer, to decree the sale of the premises absolutely, without the reservation of the rent as specified in the prayer of the bill. Mrs. Forquer having no objection to the relief asked for, was not called upon to appear and controvert any of the statements of the bill, no matter what they might be. She might well rest. assured, that the court would grant no greater relief to the complainants than they had asked for, and in doing so, the court erred ; and the decree must be reversed and the suit remanded.

*Decree reversed.*