Fowler, Guardian, *v.* Lilly *et al.*

No. 15,282.

FOWLER, GUARDIAN, *v.* LILLY ET AL.

SHERIFF'S SALE. — *Void Decree of Foreclosure.* — *Purchaser.* — The purchasers at a sheriff's sale under a decree of foreclosure take nothing by their purchase as against the owner of the fee who was not a party to the foreclosure proceedings, the decree of foreclosure being void as to him.

From the Marion Superior Court.

*I. H. Fowler* and *A. B. Young,* for appellant.
*L. Jordan, T. L. Sullivan* and *A. Q. Jones,* for appellees.

MITCHELL, C. J.—The appellant instituted this proceeding as guardian of Margaret E. Johnson, an insane person, for partition of real estate. The plaintiff below claimed that his ward was the owner of the undivided one-sixth of the real estate described in the complaint as tenant in common with the defendants, who were alleged to be the owners of the other undivided five-sixths.

The facts found by the court show that in October, 1850, James P. Drake owned a tract of land containing one hundred acres, which was conveyed to him by Griffin Kelly, and wife. Drake platted the land into blocks and lots, among which is block eight (8) in Drake's addition to the city of Indianapolis, which is the property in controversy. Kelly held a purchase-money mortgage covering the one-hundred-acre tract, executed by Drake and wife.

In 1854 Drake sold and conveyed block eight to Allen May. In 1854 Kelly foreclosed his mortgage without making May and wife, who owned and were in possession of block eight parties.

In 1862 the block was sold by the sheriff in pursuance of the decree of foreclosure taken as above, Lewis Jordan and Isaac E. Johnson, husband of the plaintiff's ward, be-

coming the purchasers. Subsequently Johnson conveyed whatever interest he acquired under the sheriff's deed taken in pursuance of the above purchase to Lewis Jordan. The plaintiff's ward, being the wife of Isaac E. Johnson, did not join in this last conveyance. Her husband having died she now claims to own the undivided one-sixth as his wife. The several defendants claim various lots and subdivisions of block eight through conveyances from J. O. D. Lilly, who purchased the whole block from the widow and heirs of Allen May in March, 1873, for the consideration of $10,000.

The conclusion of law stated by the court was to the effect that the appellant's ward had no interest in the land in controversy.

There seems to be no room to question the correctness of the conclusion of the court upon the facts found.

The only claim made on the appellant's behalf to any title or interest in the land in dispute is through the foreclosure sale on the Kelly decree. But it is expressly found that the owner of the title to block eight was not a party to the decree. That fact conceded, it follows that the purchasers under the decree took nothing by their purchase as against the owner of the fee, who was not a party to the foreclosure proceedings. Certainly the statement of this proposition is all that is necessary. It is contended that it does not distinctly appear in the special finding that Allen May was the owner of the land at the time the decree of foreclosure was rendered. No other inference can be drawn from the finding. If he died pending the suit, then it was necessary to substitute his heirs or personal representatives, and it is found that neither May nor his heirs nor personal representatives were parties to the foreclosure proceeding, and that they afterwards sold and conveyed the land to Lilly.

The contention that it does not appear but that Lilly, or his grantees, had notice of Mrs. Johnson's interest at the time they became purchasers, is without force, for the reason that she had no interest, either legal or equitable, so far as

appears. The owner of the title not having been made a party, the decree of foreclosure was void as to him, and the purchasers under that decree took nothing. *Landon* v. *Townshend*, 112 N. Y. 93 (8 Am. St. Rep. 712).

There was no error committed in the rulings on the pleadings.

Judgment affirmed, with costs.

Filed Feb. 26, 1890.