**Domestic Building Association, a Corporation, Impleaded with Frank C. Delamater et al., v. Walter C. Nelson and Minnie R. Parsons, Executors of the Last Will of Mary R. Nelson, deceased.**

1. Error—*When Harmless—Burden of Showing an Injury.*—If it appears by the record that a party has not been prejudiced by an error he can not complain; but if it appears probable that such party has been injured it is incumbent upon the adverse party to show that there was in fact no injury.

Bill, to foreclose a trust deed. Error to the Superior Court of Cook County; the Hon. William G. Ewing, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded with directions. Opinion filed October 22, 1896.

Statement of the Case.

This was a bill filed by Mary R. Nelson against Frank C. Delamater and forty-four other defendants, including the Domestic Building Association, the plaintiff in error, to foreclose a trust deed made by Frank C. Delamater to Henry V. Freeman, as trustee, dated April 21, 1883, and given to secure the payment of four promissory notes of even date with said trust deed, each for the sum of $3,125, and payable, respectively, on or before one, two, three and four years after date, with semi-annual interest at the rate

of six per cent per annum; said notes being for the purchase money of the premises covered by said trust deed, which were eighty-one lots in Maplewood, in Cook county, Illinois. The first three notes were paid, the bill being filed for non-payment of the last note, due on or before five years after date. The bill also set forth that complainant had had to pay certain taxes on the premises covered by the trust deed.

The trust deed was in the usual form, containing the usual covenants, in addition to which was the following:

" It is hereby agreed that any of said lots shall be released from the lien of this trust deed upon the payment of not less than $200 per lot; provided that the payment for lots north of railroad shall not be less than $150 each, and lots on Boulevard and Fullerton avenue at $250 each."

On December 19, 1891, the complainant filed an amendment to the bill of complaint setting up that a large number of lots had been released from the lien of the trust deed, including lot 33, in block 25.

On February 11, 1892, forty-one defendants, including the Domestic Building Association, the plaintiff in error, entered their appearance in the case in writing, personally or by attorney, and eight of the defendants filed answers to the bill of complaint, to which answers replications were filed.

On May 27, 1892, the default was taken of about forty defendants, including the Domestic Building Association, the plaintiff in error, for want of an answer, the record showing that the last named defendant had, with others, filed its appearance in the case, and had failed to answer; and thereupon it was ordered that said defendants plead, answer, or demur instanter, which they failing to do, the bill was taken *pro confesso* by them.

The bill, answers and replications were referred to a master in chancery, on September 29, 1892. The master took evidence both on the part of the complainant and of the several defendants who had filed answers, and made his report to the court on July 5, 1894.

The evidence taken by the master shows, and the master found, that all of the lots covered by the trust deed, except twelve lots, among which twelve lots was said lot 33 in block 25, were released from the lien of the trust deed.

All exceptions filed to the master's report were overruled, and a decree was entered providing that unless some of the defendants within two days paid to the complainant the sum of $2,430.24, being the amount found due to the complainant upon the note due on or before five years after date (the other note having been paid), for taxes paid by complainant, and for her solicitor's fees, the twelve lots which were found by the master to have not been released from the lien of the trust deed should be sold separately and in the order named in said decree, the first lot named being still owned by Frank C. Delamater, the mortgagor, and the others in the inverse order of their alienation.

On February 1, 1895, the report of sale and distribution by the master was filed, and was approved and confirmed by the court. The report shows the sale of eight lots, including lot 33 in block 25, to the defendants in error, and one lot to Victor Elting, one of the present solicitors for the plaintiff in error. Said lots were sold for different amounts, lot 33 in block 25 being sold for $700.

The cause comes before this court upon a writ of error sued out by the Domestic Building Association, which asks for a reversal of the entire decree upon three grounds; one of which is, that by the amendment filed to the bill of complaint it was alleged that lot 33 in block 25, with other lots, had been released from the lien of the trust deed, while the evidence shows and the court found that said lot 33 had not been so released, and the lot, with others, was ordered to be sold under the decree.

The only allegation in the bill relating to the defendant in error is as follows:

" And your oratrix is informed and believes, and so states, that Frank C. Delamater, Samuel Delamater, Dora Stuhr, the Domestic Building Association, a corporation, have or claim some interest in the said premises, or in some part

thereof, as purchasers, mortgagees, judgment creditors or otherwise, which interest, if any there be, has accrued subsequent to the lien of said trust deed, and is subject thereto."

VICTOR ELTING and E. T. NOONAN, attorneys for plaintiff in error; L. M. PAINE, of counsel.

WOLSELEY & HEATH, attorneys for defendants in error.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The defendant here, complainant below, insists that the manifest error of entering a decree for the sale of lot 33, which, according to the allegations of the bill, had been released from the incumbrance of the trust deed (see Forquer v. Forquer, 21 Ill. 294), does not appear to have been harmful to the plaintiff in error, because the record does not show that plaintiff in error has any interest therein, and therefore is not shown to have been harmed thereby.

Plaintiff in error, it is charged in the bill, had, or claimed, an interest in this lot, and this bill has been taken as confessed by plaintiff in error.

If by the record it appeared that the plaintiff in error was not prejudiced by the error, it could not complain of the erroneous decree; but as from the record it appears probable that there was thus an injury to the party now complaining, it is entitled to prosecute this suit, and it is for the defendant in error to show that there was no injury. Greene v. White, 37 N. Y. 405; Elliot on Appellate Procedure, Sec. 593; Walling v. Burgess, 122 Ind. 298–309.

Plaintiff in error being a party to the decree, was bound thereby, and whatever interest it had in lot 33 was injuriously affected by the error in regard thereto.

As to the other alleged errors, if errors they be, they are not of such a nature that, without exceptions to the master's report, plaintiff in error can, here, for the first time, insist thereon.

The decree of the court in reference to said lot 33 is reversed and the cause remanded, with directions to permit the complainants below to amend their bill, if they desire, and for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

MR. JUSTICE GARY ON PETITION FOR REHEARING.

On the 22d day of October, A. D. 1896, this court entered a judgment in this cause, reversing the decree below as to a certain lot 33 mentioned in the record, and remanding the cause.

That judgment will now be set aside, and another judgment entered, reversing the decree as to that lot, and affirming it as to the residue, without remanding, in order that the plaintiff in error may have our judgment reviewed if it shall be so advised.