Van Vorst, J.
The assignment which is attacked in this action was made in the State of New Jersey by the defendant Locke, who was a citizen of that State. This instrument, although made a subject of contention in the courts of this State, has been finally adjudged to be valid by the law of the State in which it was made (Boese v. King, 78 N. Y. 471).
Plaintiffs, however, contend that as to property of the assignor situated within this jurisdiction at the time of the execution of the assignment, the validity of the transfer must be determined by the law of New York, and not by that of New Jersey. And that as an assignment made by an insolvent debtor for the benefit of his creditors, tested by the law of this State, it is made subject to conditions which have been condemned within this jurisdiction.
The plaintiff corporation, being a creditor of the assignor, procured an attachment to be issued out of this court to the' sheriff of the county of New York *347 against the property of the defendant Locke, upon the ground of his non-residence within this State ; and it is claimed on the behalf of the plaintiff that the attachment has been levied upon a portion of the assigned estate in the hands of the assignees within this State ; and that notwithstanding the assignment, which, for the reason above stated, is claimed to be void within this State, plaintiff is entitled to hold and have the same applied towards the satisfaction of its demand against the assignor.
Before the service of the attachment, all the assign- or' s property had been reduced into their actual possession by the assignees, and through sales and collections had been turned into money; and it was these proceeds only, therefore, which consisted of money to the credit of the assignees on deposit in a. bank in the city of New York, which could in any event be subjected to the lien of the attachment, or be reached in this action.
The title to these moneys being in the assignees, and not in the debtor, 'at the time of the commencement of this action, they could only be reached in equity, and through an action, the purpose of which, in form and effect, would be to condemn the assignment as void by the law of this State, although valid in New Jersey, and to reach and apply these moneys, as equitable assets of the debtor, on the plaintiffs’ judgment.
The learned counsel for the defendants, the assignees, upon the trial interposed several objections to the plaintiffs’ right to maintain this action, only one of which, however, need be discussed.
The substance of this objection is that the assignment being voluntary, and valid by the law of the assignor’s domicil, operated as a transfer of the assign- or’s property, not only in the State of New Jersey, but also of his property in this State, at the time of the as *348 signment, and that the assignees can hold the property and its proceeds against attaching and judgment creditors, especially when, as in this case, the attaching creditor is not a resident nor a citizen of this State.
In disposing of this objection, two facts should be noted; one is, that the transfer was voluntary and not in proceedings in invitum, made by the defendant Locke, in the State of New Jersey ; and the other is, that before the attachment was served, the assignee was in full possession of and had actually converted into money the assets and property which, it is claimed, were in New York at the time of the transfer.
But the underlying question is, Did any of the assigned property have any actual situs within this State at the time of the execution of the assignment % The. rule in regard to personal property, that it has no situs, but that it follows the person of the owner, is elementary. As a corollary from thht rule, it follows that personal property is governed in its transfer and disposition by the law of the domicil of its owner, that is, by the law of the place where the sale is made, so that if a sale or other transfer be valid where made, it is valid everywhere.
But the rule itself is subject to the exception that the transfer is not valid in another State, in which the property is actually situated, if it conflicts with the law of that State.
While this exception seems to be logically inconsistent with the rule and corollary above mentioned, it seems to have arisen in an endeavor to protect the citizens of the latter State, who are entitled to the benefit and protection of its laws, in their claims upon property actually within its jurisdiction, and in whose favor the comity due to other States and laws must yield.
This exception is also based upon the notion that notwithstanding the legal fiction with respect to personal property—that it has no situs, but follows the *349 person of the owner—movable property may have an actual situs, apart from that of the domicil of the owner. From an examination of the authorities, in the ligh t of the rule, I am of opinion that the exception affects only movable property, and does not operate upon credits or other choses in action held by the person who makes the assignment or transfer, and that in so far as they are concerned, they are governed by the general rule above mentioned, and that they have no situs apart from the domicil of their owner, and if a transfer of them be made in the State in which the owner is domiciled, which is valid there, it is effectual everywhere (Story on Confl. L. §§ 397, 398, 399, et seq.).
I do not think it at all necessary to notice further in this connection any case other than that of Gruillander v. Howell (35 JSt. Y. 657), which is exceedingly clear upon this subject. Justice Peokham, in the opinion of the court, says: “The supreme court, in the third district, at general term, in Thurman v. Stockwell, lately held, that the exception did not extend to a debt due from a resident in Connecticut to a resident of this State, but that an assignment thereof valid here, though invalid there by her laws, ought to be valid there also, even as against residents of Connecticut, because a debt is not a corpus capable of local position, but merely a jus incorporai.”
Justice Peckiiam also refers to the case of Speed v. May (17 Penn. St. 91) and Caskie v. Webster (7 Wall. 131), which he pronounces to be sound law, and which cases hold in substance that a debt is a mere incorporeal right. It has no situs, and follows the person of the owner. The property of the assignor, Locke, claimed to have been within this State at the date of the assignment, consisted ex-elusively of credits.
Before the assignment there stood to his credit in the Importers’ and Traders’ Bank in the city of New *350 York the sum of $2,000 and upwards. In anticipation of the assignment which, he was about to make, the money was drawn from the bank by Locke and was turned over to one Field, who deposited the same in bank to his own credit, as the representative of the future assignees, to whom it was to be delivered for the purposes of the assignment. The matter stood in this form when the assignment was executed. In so far as this credit was concerned the assignor had no legal' claim or property right to the same. As to him such. legal right was ended when Field took the fund for the purposes to which it had been dedicated. If any interest remained in Locke, it was equitable only, which interest was sátisfied when Field turned over the amount, as he afterward did, in fulfillment of his trust, to the assignees. Whatever other interests remained in Locke in this State, if any* at the time of the assignment, were in the form of claims against persons indebted to him.
The assignment, therefore, made by Locke in the State of New Jersey of these claims and credits, upon the principles above stated, was effectual to pass to the assignees a good and valid title, and, the assignees having taken possession of the same, and having received the assets and proceeds, cannot be disturbed in their rights to the property or its proceeds by this action of the attachment issued therein.
The substantial object and purpose of this action- and the attachment was to reach property of the assignor having a situs within this State, claimed by the assignees under a transfer invalid by the law of this State, but valid in the State where it was made. The action is in this regard, therefore, one in the nature of a suit in rem. There being no such property within this jurisdiction, the suit and attachment are purposeless, and must wholly fail. The plaintiff’s complaint must, therefore,, be dismissed with costs.