of the city of New York, within the stoop line, for stands for the sale of newspapers, periodicals, fruit and soda water: Hereafter each applicant for a permit to occupy a portion of any street within the corporate limits of the city of New York, inside the stoop lines, with a stand or booth for the sale of any or either of the articles named in the title to this ordinance, * * * shall file an application in the office of the clerk of the common council, accompanied by the consent in writing, signed by the owner or owners in front of whose property it is proposed to erect such stand or booth, consenting thereto and stating that such consent is granted without payment therefor, and that no rent or other compensation is to be exacted by or paid to the owner of such premises. Such stand must be within the stoop line, and shall not be an obstruction to the free use of the street by the public, nor exceed six feet long by four feet wide, and such permission shall continue only during the pleasure of the common council or until revoked as hereinafter provided. No rent or other compensation shall be paid by or on behalf of the licensee, to or on behalf of the owner or occupant of the property in front of or adjacent to which it is proposed to erect such stand or booth. The dimensions of the stand must be confined strictly to the limits above specified." At the end of the case defendant's attorney moved for a dismissal of the complaint on the ground that the contract sued upon, being an illegal one, could not be enforced, and no cause of action could be based thereon. Said motion was denied, and defendant duly excepted to the ruling.

Argued before McCARTHY, SCHUCHMAN, and OLCOTT, JJ.

J. Reagar, for appellant.

N. O. Roberts, for respondent.

SCHUCHMAN, J. We think the court erred in this ruling, and that the motion to dismiss should have been granted. The legislature of a state may delegate to municipal corporations the power to make ordinances, and, when properly passed, they have the force and effect of a legislative act, within the limits prescribed for them. The lease demising part of the public highway, as set forth, is illegal, because it is unlawful under said ordinance, and cannot, therefore, be enforced. The inflexible rule is that no remedy can be had in a court of justice on an illegal contract. Bank v. King, 44 N. Y. 87; Brinkman v. Eisler (City Ct. N. Y.) 16 N. Y. Supp. 154.

The judgment and order appealed from are reversed, and a new trial is granted, with costs to the appellant to abide the event. All concur.

---

(25 Misc. Rep. 429.)

STANDARD SEWING–MACH. CO. v. HEYMAN.

(City Court of New York, General Term. December 7, 1898.)

REPLEVIN—CLAIM OF THIRD PERSON.

    The remedy provided by Code Civ. Proc. § 1709, to a person claiming title to property sought to be replevied from the possession of another, to make a third-party claim, is not exclusive, but he may, at his option, be made a party defendant, under section 452.

Appeal from special term.

Replevin by the Standard Sewing-Machine Company against Fred Heyman. From an order directing that Jacob Brown be made a defendant, plaintiff appeals. Affirmed.

Argued before SCHUCHMAN and OLCOTT, JJ.

Roswell W. Keene, for appellant.

Stern & Singer, for respondents.

OLCOTT, J. This is an appeal from an order of Mr. Justice McCarthy directing that one Jacob Brown, upon his own application, be made a party defendant to the action, which action was brought by the plaintiff against the defendant Heyman, to recover 20 sewing machines which plaintiff alleged that Heyman procured from it by fraud. Brown's allegation was that he was the owner of the property; and, upon that allegation, he moved, under the provision of the latter portion of section 452 of the Code, to be made a party defendant. The contention of the appellant is that this relief was improperly granted to Brown, because he might have protected his interests in the manner provided by section 1709 et seq. of the Code. We do not find this contention to be supported by the decisions. A person claiming title to property which is sought to be replevied from the possession of another may either make his third-party claim thereto, under the provisions of section 1709 of the Code, or move to be made a party defendant, under section 452, at his option. Uhlfelder v. Tamsen, 15 App. Div. 436, 44 N. Y. Supp. 484; Rosenberg v. Salomon, 144 N. Y. 92, 38 N. E. 982, distinguishing Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3.

The order appealed from must be affirmed, with $10 costs and disbursements to the defendant Brown, against the plaintiff.

SCHUCHMAN, J., concurs.