(30 Misc. Rep. 672.)

BLOOMINGDALE v. MAAS et al.

(Supreme Court, Special Term, New York County. March, 1900.)

ASSIGNMENTS FOR BENEFIT OF CREDITORS—FOREIGN ASSETS—INJUNCTION.
    An assignment for the benefit of creditors included a debt in another state, upon which an offer of compromise was made to the assignee by the debtors. After notice to the creditors, the assignee obtained leave from the court to accept the compromise. One of the creditors of the assignor thereupon commenced attachment proceedings against said debt in the state where the debtors resided on the ground that the assignment did not pass title to the personal property in another state in contravention of the laws of that state. Held, that such action would be enjoined at suit of the assignee, there being no competent evidence as to what the law was in the foreign state.

Action by Emanuel H. Bloomingdale, as assignee, etc., of M. & A. D. Bettman, against Sarah Maas and others. Motion to continue

a temporary injunction restraining defendants during the pendency of this action from prosecuting writs of attachment. Injunction continued.

Hays, Greenbaum & Hershfield (Daniel P. Hays, of counsel), for plaintiff.

Isidor Israel, for defendants.

LAWRENCE, J.   This is a motion to continue a temporary injunction restraining the defendants, during the pendency of this action, from prosecuting certain writs of mandamus in the city of Spokane, in the state of Washington. The plaintiff is the general assignee of the firm of M. & A. D. Bettman, under an assignment dated March 5, 1898. Among the assets conveyed by said assignment were two certain debts of one Cowley and wife, who reside in the state of Washington, upon which debts judgments had been recovered in that state. The defendants are residents of the state of New York. The plaintiff succeeded, in November, 1899, in obtaining an offer of compromise made by the debtors in Washington for $20,000, and thereupon applied in the supreme court in this state, upon notice to the creditors, for leave to make such compromise. Thereupon an order was entered granting leave to the assignee of the plaintiff to compromise the debts due from the Cowleys in the state of Washington for the said sum. The defendants soon thereafter, being residents of this state, began attachment or garnishment proceedings in the state of Washington for the purpose of collecting said claim, and, if successful in those proceedings, they would defeat the order of the supreme court allowing the assignee to settle said judgment, and also to obtain a preference over other creditors in this state. Thereupon this injunction was obtained. The defendants rely in support of their position on the case of Warner v. Jaffray, 96 N. Y. 248, which holds that a general assignment for the benefit of creditors, executed under the general assignment act (chapter 466, Laws 1877, as amended by chapter 318, Laws 1878), takes effect, so far as property situate in this state is concerned, from the time of its delivery, but that such assignment does not take effect to pass title to personal property situate in another state in contravention of the laws of that state. It is to be observed in this case that there is no proof before the court as to what is the law in the state of Washington in respect to assignments, nor in what respect, if any, said law differs from the law of this state. In the case of Warner v. Jaffray it appeared that by the statute of Pennsylvania an assignment, in order to be valid in that state, to affect real or personal property situate therein, must be recorded in the county where said real or personal property was situated, and also provided that no bona fide purchaser, mortgagee, or creditor having a lien thereon before the recording in the same county, and not having previous actual notice thereof, shall be affected or prejudiced. The general rule is that credits and choses in action have no situs apart from the domicile of their owner, and an assignment, made in the place of such domicile, which is valid there, is valid everywhere. Bank v. King, 10 Abb. N. C. 346. In Warner v. Jaffray

it is said that the general rule that the voluntary transfer of personal property is to be governed everywhere by the law of the owner's domicile yields whenever it is necessary for the purposes of justice that the actual situs of the thing should be examined, and always yields when the law and policy of the state where the property is lo-cated have prescribed a different rule of transfer from that of the state where the owner lives. 96 N. Y. 254, 255. In this case the situs of the debt was in this state, and, as already observed, there is nothing to show that the law of the state of Washington is different from the law of the state of New York. The case of Warner v. Jaffray, supra, rested upon the provision of the law of Pennsylvania in reference to the recording of an assignment, and I do not, therefore, think that it is applicable to this action. It is true that it is alleged, upon information and belief, by the defendant, that the attachments are valid, and will be sustained in the courts of the state of Washington, and that he has been so advised by a member of a prominent law firm in the city of Spokane. The member of the law firm makes no affidavit, and such evidence is, therefore, merely hearsay, besides being contradicted by the affidavit of Mr. Hershfield, one of the attorneys for the plaintiff in this action, who states that another prominent law firm in Spokane have written to the plaintiff's attorney a letter in which they state "that the record, or the absence of the record, of assignment in Spokane county cuts no figure whatever, Maas & Weil having had notice of the assignment under your statute." The true principle applicable to this case is to be found, I think, in the case of Cole v. Cunningham, 133 U. S. 107, 10 Sup. Ct. 269, 33 L. Ed. 538, wherein it was held that it is no violation of that provision of the constitution of the United States which requires that full faith and credit shall be given in each state to the judicial proceedings of every other state, if a court in one state (in which proceedings have been begun under the general insolvent law of the state to distribute the estate of an insolvent debtor among his creditors) enjoins a creditor of the insolvent (who is a citizen of the same state, and subject to the jurisdiction of the court) from proceeding to judgment and execution in a suit against the insolvent in another state, begun by an attachment of his property there, after knowledge of his embarrassment and actual insolvency, which property the insolvent law of the state of the debtor's residence requires him to convey to his assignee in insolvency for distribution with his other assets, there being nothing in the law or policy of the state in which the attachment is made opposed to that of the state of the creditor and the insolvent debtor. For these reasons I am of the opinion that the injunction heretofore granted herein should be continued until the case can be tried, with costs.

Injunction continued, with costs.