CHARLES N. PRACHT, as One of the Marshals of the City of New York, Appellant, *v.* THOMAS F. GUNN, Personally, and as One of the Marshals of the City of New York, Respondent.

*Replevin — property seized under an execution cannot be taken in an action of replevin against the debtor — method of its recovery.*

Personal property seized by a marshal of the city of New York under an execution, cannot, while in the custody of the marshal, lawfully be taken by another marshal, under a writ of replevin, issued in an action brought against one of the execution debtors and three other persons.

The marshal who has made the levy under the execution has a special interest in the property, which will entitle him to maintain another action of replevin against the marshal who seized the property under the writ of replevin, to recover possession of such property, and is not obliged to resort to the remedy furnished by section 1709 of the Code of Civil Procedure, by delivering to the sheriff an affidavit stating his claim to the possession of the chattels.

APPEAL by the plaintiff, Charles N. Pracht, as one of the marshals of the city of New York, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the defendant, entered on the 6th day of November, 1901, upon the decision of the court.

*Reuben Stone,* for the appellant.

*Charles Frankel,* for the respondent.

GOODRICH, P. J. :

This action in replevin for certain goods is brought by the plaintiff, as one of the marshals of the city of New York, against the defendant, individually and as a marshal of said city. On October 3, 1901, William Rachlin recovered a judgment in the Municipal Court of the city of New York against Leo* Sorock and Meyer* Kaner, as partners, for $468.80; and an execution thereon was issued to the plaintiff, who on the same day levied on the property of the said defendants at their store, No. 115 Graham avenue, borough of Brooklyn, and posted a notice that he had taken possession of and would sell the property. Four days later the defend-

---

* Sic.

ant, by virtue of a writ in another action of replevin, brought by Herman J. Lefkowitz against Louis* Sorock, Abraham Sorock, Michael* Kaner and Asnield Rischlin,* partners, doing business at 115 Graham avenue, broke into the store and replevied a part of the property which the plaintiff had in his custody under said execution. The defendant knew that the plaintiff was in possession under an execution. The plaintiff sold under the execution the portion of the property left in his custody, and it realized $245, leaving about $225 of the judgment uncollected.

On October eleventh the plaintiff commenced the present action for claim and delivery of the property which had been taken by the defendant, and under a writ another marshal took the property into custody and still retains the same. Its value was stipulated to be $200. The plaintiff claims the right to maintain the action by virtue of his special interest in the property. Judgment was rendered for the defendant, and the plaintiff appeals.

There is no doubt that Pracht, as marshal, had a special interest in the property as its custodian in law, and if an action of replevin had been commenced against him he could have defended under his writ, assuming that it was a valid one. But the Lefkowitz action having been brought against the firm, Pracht had the right to use the remedy set forth in section 1709 of the Code of Civil Procedure, which provides that at any time before a chattel, which has been replevied, is actually delivered to either party, a person, not a party to the action, claiming, as against the defendant, a right to the possession thereof, existing at the time it was replevied, may make an affidavit and deliver it to the sheriff (marshal in present action), stating his claim and specifying the chattels, in which case the sheriff may, before delivery, require indemnity from the plaintiff's attorney, and, if indemnity is not furnished, the sheriff may deliver the chattel to the claimant without incurring any liability by reason of so doing. The plaintiff did not take this remedy, but commenced the present action of replevin. We are thus brought to the question whether he was bound to avail himself of the remedy provided in section 1709. We think not. That section provides a convenient remedy, but is not exclusive. It was held in *Standard Sewing*

---

* *Sic.*

*Machine Co.* v. *Heyman* (25 Misc. Rep. 429; 54 N. Y. Supp. 936) that the remedy provided in section 1709 was not exclusive and that a third party might apply and be made a party defendant to the action. By parity of reason a third party is not by that section deprived of his right to commence any other proceeding to enforce his lawful rights.

The plaintiff as marshal having levied under an execution upon the property in question, an action of replevin might have been commenced against him by any person claiming title to such property, but no such action was instituted. Lefkowitz brought his action against four defendants, one of whom was one of the defendants in the Rachlin action. When the Lefkowitz action was commenced the property was in the lawful custody of the plaintiff as marshal, under an execution, and not in the possession of the four defendants named in the action. Hence the writ of replevin did not authorize the defendant to take the property from the possession of the plaintiff. The property was *in custodia legis*. (*Bullis* v. *Montgomery,* 50 N. Y. 352; *Otis* v. *Williams,* 70 id. 208.) Lefkowitz could have brought a replevin action against the plaintiff, but in taking the property from the possession of the marshal in an action for replevin against strangers to the custody he was a trespasser.

It follows that the judgment must be reversed.

All concurred.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide event.