UNITED SHOE REPAIRING MACHINE COMPANY, Appellant, *v.* DOCHTERMANN STORAGE WAREHOUSE COMPANY, Respondent.

First Department, February 7, 1919.

**Replevin — motion under section 452 of the Code of Civil Procedure to make one claiming interest in chattels a party defendant cannot be made by parties to action — interpleader — remedy of one claiming interest in chattels sought to be replevied — remedy of storage company sued in replevin.**

In an action by one claiming to be the owner of and entitled to the possession of certain chattels which had been stored by a third party with the defendant to replevin the same, a motion cannot be made under the second portion of section 452 of the Code of Civil Procedure by either of the parties to the action to have said third party brought in as a defendant.   The person who claims the interest in the property must make the motion under said section.

An order bringing in said third party as a defendant cannot be sustained under section 820 of the Code of Civil Procedure where there is no proof of service of the notice upon him.

The third party who stored the chattels, if he *bona fide* claims to be the owner of and entitled to possession, has an ample remedy under sections 1709–1711 of the Code of Civil Procedure.

The defendant can protect its right, if it has any, under section 1704 of the Code of Civil Procedure or under section 103 of the General Business Law.

APPEAL by the plaintiff, United Shoe Repairing Machine Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of October, 1918, directing that one Robert W. Howth be brought in as a party defendant and that the summons and complaint be amended accordingly.

*John H. Corwin* of counsel [*Harris, Corwin, Moffat & Schek,* attorneys], for the appellant.

*I. L. Broadwin,* for the respondent.

PAGE, J.:

The plaintiff, claiming to be the owner of and entitled to the possession of certain chattels which had been stored by Howth with the defendant, brought this action in replevin. The defendant, claiming a lien upon said chattels for storage, when the plaintiff made demand for the delivery of the goods, notified Howth of the demand and Howth consented to the delivery of the goods to plaintiff if plaintiff would pay the storage charges. The plaintiff consented to pay part of the storage charges but refused to pay all, and Howth refusing to consent to delivery unless plaintiff paid all the charges, the defendant refused to deliver. Thereupon this action was brought. The defendant seeks to uphold this order as authorized by section 452 of the Code of Civil Procedure. In answer to that contention it is sufficient to state that this is an action at law, and that under the second portion of section 452 such a motion cannot be made by either of the parties to the action, but the person who claims the interest must make the motion. (*Chapman* v. *Forbes,* 123 N. Y. 532, 540; *Rosenberg* v. *Salomon,* 144 id. 92, 93; *Gittleman* v. *Feltman,* 191 id. 205, 208.) Therefore that section does not apply. The counsel stated that he did not claim the order could be sustained under section 820 of the Code, and as he made no proof of service of the notice on Howth the order

cannot be sustained under that section. (*Bullowa* v. *Provident Life & Trust Co.*, 125 App. Div. 545, 548.)

Howth has an ample remedy if he *bona fide* claims to be the owner of and entitled to possession of the chattels by availing himself of the provisions of sections 1709–1711 of the Code of Civil Procedure. The defendant can protect his right, if he has any, under section 1704 of the Code, or under section 103 of the General Business Law (Consol. Laws, chap. 20; Laws of 1909, chap. 25). Where the law has provided adequate remedy to a party I see no reason to permit the resort to other remedies to which the party is not entitled on some false idea of doing substantial justice.

I do not discuss the merits, except to say that the sole object of Howth and the defendant seems to be to force the plaintiff to pay storage charges for which Howth and not the plaintiff is liable.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.