WILLIAM W. McLAUGHLIN, Respondent, *v.* EDWARD F. McLAUGH-
LIN and Others, Defendants, Impleaded with ANNIE V. McLAUGH-
LIN, Third Party Claimant, Appellant.*

First Department, November 18, 1932.

*Joseph P. Segal* of counsel [*I. Gainsburg*, attorney], for the appellant.

*Jeremiah T. Mahoney* of counsel [*Phillips, Mahoney, Leibell & Fielding*, attorneys], for the respondent.

TOWNLEY, J.   The plaintiff, the father of the third party claimant, Annie V. McLaughlin, on May 25, 1932, commenced an action in replevin against the defendants Edward F. McLaughlin,

---

Guaranty Safe Deposit Company of New York, John Doe and Richard Roe. The affidavit and undertaking were delivered to the sheriff of New York county to replevy securities of the aggregate value of $400,000. The sheriff seized the bonds that were in a safe deposit box in the name of Edward F. McLaughlin and the Guaranty Safe Deposit Company of New York. On May 31, 1932, Annie V. McLaughlin served on the sheriff a notice of claim of ownership and immediate right to possession of the bonds and a statement of the facts upon which her claim· to ownership and immediate possession was based. After the filing of the third party claim, plaintiff delivered to the sheriff another bond in the sum of $400,250 pursuant to section 1109 of the Civil Practice Act. The bonds were thereafter delivered to the plaintiff. Then plaintiff moved to make the third party claimant a party.

The motion was granted on the authority of section 192 of the Civil Practice Act. This section which refers to non-joinder and misjoinder of parties permits the substitution of new parties at any stage of the cause " as the ends of justice may require." But it does not authorize the bringing in of parties where statutory provisions are in existence showing a comprehensive plan to administer a remedy such as is shown in article 66 of the Civil Practice Act, which governs an action to recover a chattel. ·(*Hazlett* v. *Hamilton S. & W. Co.*, 47 Misc. 660.) Respondent, however, claims that in any event the order is permissible under section 193 of the Civil Practice Act (as amd. by Laws of 1923, chap. 250). This contention is not justified by the decisions.

Replevin is one of the oldest of common-law actions. The only question presented for determination is the right of possession as between the parties thereto. The Legislature has provided an elaborate scheme for the determination of claims of third parties and for the protection of their rights. The claims of third parties have never been regarded as any concern of the plaintiff. The Civil Practice Act, section 1107, provides that at any time before a chattel which has been replevied is actually delivered to either party, a third party claimant may make an affidavit and deliver it to the sheriff stating that he has a claim and setting forth the facts upon which his right to possession depends. The statute then regulates the procedure. The third party may *on his own application* be made a party defendant and assert his claim as such (Civ. Prac. Act, § 193), or he may resort to other means recognized by law to secure his rights, as in *Pracht* v. *Gunn* (69 App. Div. 396). If the third party asserts his claim by affidavit served upon the sheriff, he may maintain an action against the sheriff if the chattel is turned over to the plaintiff by the sheriff. (Civ. Prac. Act,

§ 1108.) The sheriff has the power, before he delivers the chattel to the plaintiff, to serve on plaintiff's attorney a copy of the affidavit with a demand for indemnity against the claim. If the indemnity is not furnished within a reasonable time, the sheriff may deliver the chattel to the claimant without incurring any liability to the plaintiff. (Civ. Prac. Act, §§ 1107, 1109; *McCarthy* v. *Ockerman*, 154 N. Y. 565.) If the plaintiff does furnish the indemnity, it should consist of a written undertaking running to the sheriff on the condition that the sureties will indemnity the sheriff against any liability for damages, costs or expenses to be incurred in any action brought against the sheriff by the claimant. The terms of the undertaking are regulated by the statute. If the claimant sues the sheriff thereafter, the sureties may be substituted as defendants in such an action. (*Motor Finance Co.* v. *Casualty Co. of America*, 216 N. Y. 688; Civ. Prac. Act, §§ 156, 1109.)

It was never contemplated that plaintiff might avoid all responsibility to such third party by the simple device of bringing her into the action as an additional party defendant. The third party claimant by such action would be deprived of most, if not all, of the remedies provided by the Legislature for her protection. Had she been named as an original party she would have had the protection of a bond for double the value of the securities. As an additional party brought in by order, she would have no bond running to her. As a party to the action, she would lose the right to her claim against the sheriff since this right depends upon her not being a party to the original suit. (Civ. Prac. Act, § 1108.) Thus the protection of the bond which the plaintiff was required to furnish before receiving possession of the chattels would be lost to her. There are no facts in the instant case which require an order destroying the protection provided by the Legislature.

In *United Shoe Repairing Machine Co.* v. *Dochtermann Storage Warehouse Co.* (186 App. Div. 359) it was held that a third party claimant might not be brought in at the request of a party but that such a motion must be made by the person who claimed an interest in the property. This court by PAGE, J., said: " Howth [third party claimant] has an ample remedy if he *bona fide* claims to be the owner of and entitled to possession of the chattels by availing himself of the provisions of sections 1709–1711 of the Code of Civil Procedure.* The defendant can protect his right, if he has any, under section 1704 of the Code,* or under section 103 of the General Business Law (Consol. Laws, chap. 20; Laws of 1909, chap. 25). Where the law has provided adequate remedy

---

*Now Civ. Prac. Act, §§ 1107–1109, 1103.— [REP.

to a party I see no reason to permit the resort to other remedies to which the party is not entitled on some false idea of doing substantial justice." The Civil Practice Act did not enlarge the remedy.

Accordingly, on principle and on the authorities, the order should be reversed, with twenty dollars costs and disbursements to the appellant, and the motion denied, with ten dollars costs.

McAVOY and O'MALLEY, JJ., concur; FINCH, P. J., and MARTIN, J., dissent and vote for affirmance.

MARTIN, J. (dissenting). The plaintiff in this replevin action seeks to recover possession of 400 bonds, valued at $400,000, which he claims are his property. On May 25, 1932, the writ of replevin, summons and complaint, and a bond for $800,000 furnished by the plaintiff were served by the sheriff of New York county on the defendant Guaranty Safe Deposit Company of New York. On the following day the sheriff served copies of the same papers and the undertaking on the defendant Edward F. McLaughlin.

Pursuant to the writ of replevin the sheriff seized the bonds described in the affidavit of the plaintiff, which were in a safe deposit box rented by the defendant Edward F. McLaughlin, in his own name, from the defendant Guaranty Safe Deposit Company. The action has since been discontinued against the safe deposit company because the bonds were found to be in the possession and control of the defendant Edward F. McLaughlin.

On May 31, 1932, the appellant Annie V. McLaughlin served a notice of claim, with affidavit, on the sheriff, alleging that the bonds seized and replevied were her property. On June 2, 1932, the plaintiff executed and delivered to the sheriff the bond required by section 1109 of the Civil Practice Act in the sum of $400,250, which bond was approved as to form and sufficiency by the sheriff. The bonds were thereupon delivered to the plaintiff.

On June 14, 1932, the plaintiff moved to bring in the third party claimant, the appellant herein, as a party defendant, which motion was granted on July fifteenth, the court stating: " Motion to bring in a third party defendant is granted. The provisions of section 192 of the Civil Practice Act are broad enough to authorize this relief at any stage of the action, even upon motion of the plaintiff, a satisfactory reason for having failed to make the party a defendant at the commencement of the action having been given. (*Gittleman* v. *Feltman*, 191 N. Y. 205.) Nor is this power limited to actions in equity. Settle order."

At the time the motion was made, Edward F. McLaughlin had not appeared or answered and no action had been brought by the appellant against the sheriff, the plaintiff or the surety on the undertaking given by the plaintiff.

The appellant contends that the order appealed from was improperly made; that it was not justified on the moving papers; that it was not warranted by law or under the Civil Practice Act, and that it was an erroneous exercise of discretion and will most seriously prejudice her rights. The appellant further contends that she will be deprived of her right to maintain an action against the sheriff under sections 1108 and 1109 of the Civil Practice Act, and will be prevented from acquiring the bonds or the value thereof should she be successful in the action, if she is held as a party defendant. It is contended by appellant that the bond furnished by the plaintiff runs to the defendants who were such at the commencement of the action and not to any defendant brought in later, and, therefore, not to this appellant. To cover any claim made by claimant, an additional bond was filed by plaintiff in accordance with the Civil Practice Act.

The respondent contends that the court had the power to make the order bringing in the third party claimant as a defendant; that under subdivision 2 of section 193 of the Civil Practice Act (as amd. by Laws of 1923, chap. 250), *in all actions*, whether in equity or in law, a person not a party to the action who is or will be liable may be brought in as a defendant.

Under section 192 of the Civil Practice Act, new parties may be added or substituted, and parties misjoined may be dropped by order of the court at any stage of the action, as the ends of justice may require. Section 211 of the Civil Practice Act provides that all persons may be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally or in the alternative, and judgment may be given against such one or more of the defendants as may be found to be liable, according to their respective liabilities.

This appellant was not made a party defendant when the action was instituted because neither the plaintiff nor his attorney knew of her claim.

The purpose of the amendment to the Civil Practice Act was to permit a party who claims title to property to be brought in so that the entire controversy may be disposed of in one action.

In *Robinson* v. *Whitaker* (205 App. Div. 286) this court said: " As the present action is to recover a bond, the plaintiff is clearly entitled to bring in every party who it is alleged has made or may make a claim to it or have a lien upon it."

In *Gittleman* v. *Feltman* (191 N. Y. 205) the court said: " The true test, doubtless, is as to whether the person could have been joined as a party at the commencement of the action, and whether the plaintiff has given a satisfactory excuse for his failure so to do."

In *Pracht* v. *Gunn* (69 App. Div. 396) the court held that a third party might be made a party to a replevin action; that the remedy, however, was not exclusive and that the third party could also commence an action or any other proceeding to enforce any lawful rights.

The power of the court to bring in a party in a replevin suit appears to be beyond question. The statutes on the subject leave no room for doubt. To hold that no such right exists is to ignore the statutes and the decisions which construe them.

Several of the decisions relied upon by the appellant were made before the amendment to the statute permitting a third party to be added in an action at law. The purpose of the amendment was to remedy the condition resulting from such decisions. In several of the decisions cited by the appellant the reason given for refusing to permit the bringing in of a third party was that rights had been lost including the right to reclaim the property. No such condition exists in this case.

It would be a great hardship if, under such circumstances, a claimant could not be made a party so that the claim could be passed upon by the court and disposed of in one action. The contention that the bond furnished by the plaintiff does not fully protect the claimant, if true, would not be sufficient to defeat a right which the plaintiff has to add a party to the action who claims the whole or a part of the bonds, the title to which is in dispute. The appellant Annie V. McLaughlin may enforce her claim against the sheriff for whose protection the bond is given.

The court properly ordered the third party claimant to be made a party defendant to the action.

The order should be affirmed.

FINCH, P. J., concurs.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs.