A. RAYMOND JOHNSON, Plaintiff, *v.* SAMUEL J. LASSER, as Assignee of WRIGHT METAL, INC., for the Benefit of Its Creditors, Defendant.

Supreme Court, Special Term, Albany County, March 13, 1936.

*Matthew M. Dunne* [*Robert C. Killough, Jr.*, of counsel], for the plaintiff.

*G. M. Blackmon,* for the defendant.

BERGAN, J. Defendant is the assignee for benefit of creditors of Wright Metal, Inc. The assignment having been filed in the office of the clerk of Chautauqua county, the County Court of that county

is vested with the supervision and control over the assignee (Debtor and Creditor Law, art. 2), and may exercise the powers conferred by section 15 of that act. The measure of the powers of the assignee, however, is the assignment itself. (*Matter of Lewis*, 81 N. Y. 421.)

The assignee entered into a contract with this plaintiff. The plaintiff, therefore, is not one of the creditors for whose benefit the assignment was executed, but is a direct creditor of the assignee, acting as such. The assignee, unlike a receiver, does not derive his power and rights from the statute or from the court, but from the assignment, and the statutory provisions are not the source of, but merely regulate the exercise of his functions. This regulating power cannot be construed as granting an assignee immunity from actions at law upon contracts with persons with whom he deals as assignee, or to require that they submit to the jurisdiction of the court which exercises statutory supervision over his proceedings. Conversely, it was said in *Matter of Lewis* (*supra*), " The courts, therefore, cannot direct him to pay a debt of the assignor, or give it preference, in violation of the terms of the assignment."

*Hynes* v. *Alexander* (2 App. D v. 109), in which equitable relief by way of an accounting was sought, is not controlling. There it was held relief at law existed which precluded intervention by a court in equity. That case did not turn upon a jurisdictional question.

This is an action at law. The jurisdiction of the Supreme Court to entertain such an action cannot be abridged by statute. (State Const. art. VI, § 1.) It has been said that a similar statute conferring jurisdiction upon County Courts over assignees of creditors does not preclude this court from entertaining an action in equity for an accounting. (*Hurth* v. *Bower*, 30 Hun, 151.)

This court, therefore, should assume jurisdiction. The complaint states a cause of action and the motion to dismiss it is denied.

There is no real issue on the facts. That the unpaid balance due plaintiff is $843.49 as set forth in plaint'ff's affidavit on his motion for summary judgment is not sufficiently denied by the affidavit of defendant to present an issue as to the amount.

The motion of plaintiff for summary judgment is granted and judgment may be entered in favor of plaintiff for $843.49, with costs and ten dollars costs of this motion.

Submit order.