In the Matter of the General Assignment for the Benefit of Creditors of MERCANTILE DYE WORKS, INC., Assignor, to SAMUEL ROSENBLUM, Assignee.

Supreme Court, Special Term, New York County, September 8, 1941.

*Eppstein & Hirshfield,* for the mortgagee.

*Harry Grossman,* for the assignee.

WALTER, J. A chattel mortgage contained the provision that if the mortgagor should make an assignment for the benefit of creditors the indebtedness secured should become due and payable at once at the option of the mortgagee, and that the mortgagee might then take possession of and sell the mortgaged property. It also provided that if the mortgagee retained counsel for the purpose of collecting any moneys due under the mortgage, or to recover the mortgaged property or to protect the interest of the mortgagee therein by reason of a default, the mortgagor agreed to pay the fee of such counsel, the minimum amount of which was fixed at fifteen per cent of the amount unpaid upon the mortgage, and that such fee should be a lien upon the mortgaged property. The mortgagor made an assignment for the benefit of creditors, and the mortgagee retained counsel to recover the mortgaged

property from the assignee and otherwise to protect its interests. The property was then sold, and it realized more than enough to pay the mortgage debt including the counsel fee. No dispute exists over the mortgagee's right to receive the original mortgage debt, but the assignee challenges the mortgagee's right to the minimum counsel fee so stipulated. He claims that in any event the mortgagee is entitled to no more as such counsel fee than may be regarded by the court as reasonable in view of the services actually and necessarily rendered.

The making of the assignment for the benefit of creditors constituted an event of default and made the debt due, and the mortgagee was entitled to immediate possession of the mortgaged property as against the assignee (*Matter of Thelmco, Inc.*, 177 Misc. 484, per SMITH, J., and cases there cited), and the mortgagee had the right to retain counsel to get the property from the assignee or otherwise protect the mortgagee's interest. It also must now be regarded as settled, at least for this court, that the provision for the payment of an attorney's fee is valid and is a contractual engagement which the court cannot ignore or revise, and that the amount so specified in the contract became a part of the mortgage debt and recoverable as such. (*Matter of American Motor Products Corp.*, 98 F. [2d] 774; *Security Mortgage Co.* v. *Powers*, 278 U. S. 149. See, also, *Waxman* v. *Williamson*, 256 N. Y. 117; *Roe* v. *Smyth*, 278 id. 364; *Commercial Investment Trust, Inc.*, v. *Eskew*, 126 Misc. 114.)

The mortgagee is thus entitled to an order directing the assignee to pay to it the amount of the stipulated counsel fee.

The mortgagee is not entitled, however, to recover the additional disbursements claimed. (*Matter of Kashmir Refining Co., Inc.*, 94 F. [2d] 652, 654.)

The motion is accordingly granted to the extent stated.