## FLORENCE TRADING CORPORATION v. ROSENBERG.

### No. 291.

Circuit Court of Appeals, Second Circuit.

May 27, 1942.

Walter B. Milkman, of Brooklyn, N. Y. (David Harrison, of New York City, on the brief), for appellant.

Benjamin Rosenthal, of Brooklyn, N. Y., for appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

CLARK, Circuit Judge.

Petitioner herein, Florence Trading Corporation, brought before the district court for review an order of a bankruptcy referee authorizing Louis P. Rosenberg, as trustee in bankruptcy of Superior Kitchen Products Corporation, to sell free and clear of any lien of petitioner certain physical assets upon which petitioner held the bankrupt's chattel mortgage. The order in question also provided that petitioner's lien against the aforesaid assets should be transferred to the proceeds of the sale, and that the validity of the lien should be thereafter determined upon proper application, while meanwhile petitioner should surrender possession to the trustee. From the referee's review certificate, it appears that after the entry of this order the trustee actually made the sale, which yielded proceeds sufficient to cover any possible claim of petitioner and leave some balance for the estate. In view of these circumstances the district court thought the proceedings had become moot; nevertheless it went on to decide that the referee's order was proper. Petitioner's objection is based upon its claim that the Supreme Court of New York had acquired prior jurisdiction of the property by virtue of a replevin suit which it had there instituted before the bankruptcy, though subsequent to the mortgagor's assignment for the benefit of creditors. It has therefore appealed here, again asserting that the state court had exclusive jurisdiction over the mortgaged chattels.

The bankrupt borrowed money of petitioner, and on October 8, 1941, gave a chattel mortgage to secure the loan upon its machinery, fixtures, and equipment located at its place of business in Brooklyn. On December 18, 1941, the bankrupt made an assignment for the benefit of creditors, duly filed that same day with the Clerk of the County of Kings, New York, and it gave up possession of the chattels to the assignee. By the terms of petitioner's mortgage, such an assignment constituted a default. Petitioner learned of the assignment the next day; and on the following day, December 20, it instituted an action in the Supreme Court of the State of New York, County of Kings, to replevy these chattels against both the bankrupt and "'John Doe,' true name unknown and fictitious, party intended being in possession of the chattels"; and filed with the sheriff of the County of Kings the appropriate papers for the replevy. The sheriff seized the chattels under the writ of replevin in the forenoon of December 22, notifying the assignee by telephone that he was taking possession, and thereafter duly turned them over to petitioner as the party entitled

to them. In the afternoon of December 22, an involuntary petition in bankruptcy was filed against the bankrupt, and adjudication followed on January 7, 1942. Meanwhile petitioner was stayed by the district court from proceeding with its foreclosure sale of the chattels, the stay to continue for fifteen days from the trustee's appointment. Thereafter the trustee petitioned for the order which is the subject of this appeal, and this order was granted by the referee on January 27, 1942.

██ The main point argued before us is, we think, determinative of this appeal. It is whether or not under state law the institution of an action of replevin ousts an assignee for the benefit of creditors of title and possession of property which he has received from the assignor. Under Bankruptcy Act, § 70, sub. a(8), 11 U.S.C. A. § 110, sub. a(8), the bankruptcy trustee takes title to property held by an assignee for the benefit of creditors under an assignment constituting an act of bankruptcy, and the property is deemed held by the assignee as the bankrupt's agent and is subject to the summary jurisdiction of the bankruptcy court. Unless, therefore, the replevin action had the effect of such ouster of the assignee, the trustee had the right to possession of the property and the proceedings had herein were perfectly proper. We agree with the courts below that under New York law the replevin action had no such effect.

In staying a mortgage foreclosure commenced after bankruptcy, the Court in Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 737, 51 S.Ct. 270, 272, 75 L.Ed. 645, said: "This is but an application of the well-recognized rule that, when a court of competent jurisdiction takes possession of property through its officers, this withdraws the property from the jurisdiction of all other courts which, though of concurrent jurisdiction, may not disturb that possession; and that the court originally acquiring jurisdiction is competent to hear and determine all questions respecting title, possession, and control of the property." The question here is whether or not that "well-recognized rule" applies under the New York law dealing with assignments for the benefit of creditors. This law has been the subject of extensive revisions; the final one, made in 1909 and amended in 1914, resulted in a complete code for the adjudication of the rights and duties

of the debtor and his creditors, implemented by extensive powers to the assignment court to allow and disallow claims and to pass all necessary orders for the settlement of the insolvent's estate as a court of "general jurisdiction." Further it was provided that "the court shall have full jurisdiction to do all and every act relating to the assigned estate, the assignees, assignors and creditors, and jurisdiction shall be presumed in support of the orders and decrees therein unless the contrary be shown." N. Y. Debtor and Creditor Law, Consol.Laws, c. 12, § 20; and see, also, § 15. Jurisdiction was vested concurrently in the Supreme Court and the county court. Ibid. § 2; Mills v. Husson, 140 N.Y. 99, 35 N. E. 422, 55 N.Y.St.Rep. 309.

█ The decisions have construed this law as giving the court full power over the estate, which is said to be "in custodia legis and anyone involved in the administration thereof on behalf of the court is subject to its summary jurisdiction." In re John C. Creveling & Sons Corp., 259 App. Div. 351, 19 N.Y.S.2d 378, 380, reargument denied 259 App.Div. 914, 20 N.Y.S. 2d 670, affirmed 283 N.Y. 760, 28 N.E.2d 975. Thus, it has been decided that the court has power over the fees of an auctioneer, notwithstanding a private contract with the assignee, In re John C. Creveling & Sons Corp., supra, or to set aside and vacate an assignee's sale, Matter of Sheldon, 173 N.Y. 287, 65 N.E. 1096, or to enjoin attachments of property (even in another state until the law thereof is shown to be different from New York Law), Bloomingdale v. Maas, 30 Misc. 672, 64 N. Y.S. 266, or exclusively to adjudicate on contracts made by the assignee, Matter of Lasser v. Special Term, Supreme Court, Albany County, 249 App.Div. 865, 293 N.Y. S. 406 (granting a peremptory order of prohibition against the continuance of an action on an assignee's contract—Johnson v. Lasser, 159 Misc. 346, 289 N.Y.S. 16), or to order property subject to a chattel mortgage delivered to the mortgagee, In re Thelmco, Inc., 177 Misc. 484, 31 N.Y.S.2d 161, and In re Mercantile Dye Works, 177 Misc. 454, 31 N.Y.S.2d 296. In the Lasser case the Special Term of the Supreme Court had held that an action at law on a contract was given by the Constitution and could not be denied merely because the contract was made under an assignment. But the Appellate Division granted the order

of prohibition without even a formal opinion. In the two cases last cited relief in the assignment proceedings was granted a petitioner situated as was the petitioner here; and they show also that the real bones of contention here—a provision of the mortgage for fifteen per cent attorney's fees on collection and a claim for the expenses of the replevin action—are likely to have the same treatment in the state court as here, following In re Kashmir Refinishing Co., 2 Cir., 94 F.2d 652, 654; In re American Motor Products Corp., 2 Cir., 98 F.2d 774.

■ Against the conclusion, thus so clearly indicated, of full power in the assignee and the assignment court in the premises, petitioner urges that an action of replevin is essentially in rem, and hence settles title and possession as against the world in general. It bases this contention on the code provisions that the original seizure of the property may give initial jurisdiction to the court, N.Y. Civil Practice Act, § 1092, and that third persons may make claim to the property as against the defendant prior to its actual delivery to either party. Ibid. §§ 1107, 1108. But it is quite clear that, whatever may be the meaning attributed to the ambiguous phrase "in rem," the replevin action in New York is not one wherein title and possession of property can be adjudicated without acquisition of jurisdiction over the defendants in possession. Thus it has been held that there must be service of the summons upon the defendants or entry of appearance to sustain jurisdiction against them. Devonia Discount Corp. v. Bianchi, 241 App. Div. 838, 271 N.Y.S. 413. Moreover, the third-party claimant cannot be compelled by plaintiff to be joined as a defendant, but may bring an entirely independent suit. McLaughlin v. McLaughlin, 237 App.Div. 1, 260 N.Y.S. 357, affirmed 261 N.Y. 573, 185 N.E. 743; Patten v. Francis D. Carley & Co., 69 App.Div. 423, 74 N.Y.S. 993. Hence the code provisions cited do not support the extreme position here urged that the mere institution of a replevin action not only gives the court to which it is addressed complete jurisdiction over everyone interested in the chattels, but also deprives a prior assignee for creditors of that right of possession which the assignment and the state insolvency laws have given him.

■■ We conclude, therefore, that the assignee's right of possession is superior to that of the plaintiff in the later replevin action, however that action may have been instituted. This conclusion is reinforced by the independent, and in itself decisive, fact that no jurisdiction was acquired over the assignee in that action because there was no service of process upon him, as required under Devonia Discount Corp. v. Bianchi, supra. As petitioner says, it knew of the assignment, and the sheriff even telephoned the assignee in the presence of petitioner's counsel. In Landon v. Townshend, 112 N.Y. 93, 19 N.E. 424, 8 Am.St. Rep. 712; Id., 129 N.Y. 166, 29 N.E. 71, it was held that the assignee must be so far an official party to a foreclosure action that service upon him individually, and not as assignee, was insufficient. A fortiori, lack of any service upon him at all would not do. Obviously the naming of a "fictitious" John Doe in the writ is not effective to cure this fundamental defect.

Therefore, on both grounds stated—the superior right of the assignee over even a valid later replevy, and the absence here of any valid replevy as to the assignee—we think that the bankruptcy trustee, taking in right of the assignee, is entitled to the order now in issue. We have found nothing in the state precedents to make the second ground seem doubtful; perhaps a single decision does appear to tend the other way on the first ground, though upon analysis we do not consider it in reality opposed to the result we have reached. The Appellate Division, Second Department, held in Re Fellman, 255 App.Div. 792, 7 N.Y.S.2d 77, in a "Memorandum by the Court," Lazansky, P. J., concurring only in the result, that an assignee should be refused a summary order for the restoration of property to her, because, "assuming that the assignee was aggrieved," nevertheless "adequate redress was available to her under section 68, Municipal Court Code [allowing her to interplead as a third party], in the action under which the claimed wrongful replevy had been made," and, "moreover, it may be that she did not have actual possession of the property seized under the facts herein disclosed." The lack of any statement of facts and the rather cryptic expression of alternative legal grounds for the result make the case inconclusive as a precedent. Moreover, Municipal Court Code, § 68, provides for complete interpleader by a third party, not the limited and optional claim for possession against the defendant accorded a non-

party under C.P.A., §§ 1107, 1108, cited supra. But even if extensive deductions are to be drawn from this meager report, it would appear at most that where the assignee can get her full relief—clearly repossession of the seized property—in a pending action, she should not start another proceeding to the same end in another court of the state. That is, it supports only economy of judicial action, not denial of the assignee's right.

In view of this conclusion, we need not consider whether the Bankruptcy Act gives direct power to the bankruptcy court to order a sale against a chattel mortgagee under the circumstances here disclosed. If the mortgagee begins proceedings for possession more than four months before bankruptcy, he may not be stayed, Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L. Ed. 1060, though, as we have seen, the contrary is true if he proceeds after bankruptcy. Isaacs v. Hobbs Tie & Timber Co., supra. Here all actions by petitioner were within four months of the bankruptcy. Since under Bankruptcy Act, §§ 60, 67, 11 U.S.C.A. §§ 96, 107, the court can avoid preferences and set aside liens, it would seem that under § 2, sub. a(15), 11 U.S.C. A. § 11, sub. a(15), it can protect these powers by stay. Compare 1 Collier on Bankruptcy, 14th Ed. 1940, 272. If this is so, the court may also have the further power to order a sale, when necessary for the preservation of the assets, with the lien transferred to the proceeds. But we shall not assume to decide that issue here.

Since this is a matter of the jurisdiction of the bankruptcy court, we hardly think it should be considered moot even though the sale has already taken place. Nor does it seem proper to say that the earlier order refusing to vacate the original stay until fifteen days after the appointment of the trustee was a decision of jurisdiction which would make the issue res judicata here. That order seems intended as merely a temporary matter to give the parties time to consider more formal action; and it would be unfair to give it a more extensive scope. Moreover, as we have just indicated, such a stay appears within the bankruptcy power under the recent amendments to the Act. But since we have upheld the right of the bankruptcy trustee to possession of the chattels, the order appealed from must be

Affirmed.