MANUFACTURERS TRUST COMPANY, Plaintiff, *v.* DAVID A. CAVELL,
Defendant.

Supreme Court, Special Term, New York County, November 10, 1954.

*Simpson, Thacher & Bartlett* for plaintiff.

*Winkelman & Winkelman* for defendant.

EDER, J. The sole issue presented on plaintiff's motion for summary judgment and defendant's cross motion is with regard to defendant's liability under the circumstances here existing for the 15% attorney's fee provided in the guarantee signed by him.

A corporation made a note payable to plaintiff bank for repayment of a loan of $10,000 and interest. A guarantee thereof on the bank's printed form was signed by the corporation's president and this defendant; it provided for joint and several liability. Both the note and the guarantee contained a provision for adding an attorney's fee of 15% of the principal and interest due '' if an attorney is used '' to collect.

Promptly upon default, the bank commenced two separate actions, one being this action against defendant and the other being a Maryland action through a Maryland attorney against the corporation and the other guarantor. About a month later, judgment was entered in the Maryland action and was thereafter paid.

The bank now moves for summary judgment in this action for the sum of $1,500, representing the agreed attorney's fee,

on the ground that "no payment has been received by the plaintiff of the attorney's fee which defendant Cavell, by his written guarantee, agreed to pay."

Defendant has cross-moved for summary judgment dismissing the complaint on the basis of his affirmative defense of acceptance by plaintiff of payment from the maker and the other guarantor of the full amount, including an attorney's fee of $1,500.

The bank has not replied to defendant's affidavit setting forth the sources of his information as to such payment having been received by it. Its own moving affidavit implies, although without a specific statement to that effect, that a 15% attorney's fee had been included in the Maryland judgment and paid. A reading of its brief indicates that such 15% fee must have been paid by the Maryland defendants, as it is addressed solely to the proposition that a payment of the Maryland attorney's 15% fee is no bar to plaintiff's claim for the 15% fee of its New York counsel in the present action.

The clause in the guarantee, the interpretation and effect of which under these facts must now be determined, is: "Guarantor agrees that if an attorney is used, from time to time, to enforce any of the rights herein granted to the Bank or to obtain payment of said Liabilities at maturity (expressed or declared) whether by suit or by any other means whatsoever, an attorney's fee of 15% of the principal and interest due on account of said Liabilities shall be added thereto."

It may be observed, preliminarily, that it is well settled that the customary provision in a note or guarantee for payment of an attorney's 15% fee is valid and enforcible in this State, regardless of the extent of the services performed by the attorney (*Commercial Investment Trust* v. *Eskew*, 126 Misc. 114; *Matter of Mercantile Dye Works*, 177 Misc. 454).

The specific question here is whether, having collected the attorney's 15% fee from the maker and a guarantor in connection with action instituted against them, another guarantor may be held liable for another attorney's 15% fee in the action separately prosecuted against him.

It is my view that under this provision such liability no longer exists for the following reasons:

1. By its own terms the attorney's fee " shall be added " to the principal and interest due. There is now no principal and interest due. Payment of the basic debt has been accepted. Nothing exists to which the 15% fee may be added, and the provision has thus been rendered nugatory and ineffective.

2. The provision, drawn by the bank, is to be construed strictly against it. Although, where there is more than one guarantor, it provides for joint and several liability on their part, this simply means that each is liable for the full amount, but when one of them has actually paid such full amount, the liability of the others to the bank ceases. There is no specific notice to the guarantors in the provision under consideration that if separate actions or claims are required to be prosecuted against them by different attorneys engaged by the bank, they are severally chargeable for the 15% attorney's fees on their respective claims. In the absence of such specific reference, no sound reason appears why the provision for the payment by a guarantor of an attorney's 15% fee should survive the payment of the full amount of the liabilities including a 15% attorney's fee by another guarantor on the same instrument. If this were not so, a literal interpretation of the clause would permit the bank arbitrarily to commence separate proceedings through different attorneys against each of several guarantors and hold each liable for a 15% attorney's fee.

Plaintiff's motion is accordingly denied and defendant's cross motion granted. Settle order.