425 F.2d 223
 FABER CEMENT BLOCK CO., Inc., Appellant,
v.
PAULESS REALTY CORP. and Suffern Building Supply Co., Inc., Appellees and Third-Party Plaintiffs,
v.
Lawrence C. GUTMAN, as assignee for Creditors of Suffern Building Supply Co., Inc., Third-Party Defendant.
 No. 588.
 Docket 34364.
 United States Court of Appeals, Second Circuit.
 Argued March 10, 1970.
 Decided April 20, 1970.
 
 Donald Tirschwell, New City, N. Y. (Joseph Deutsch, New City, N. Y., with him on the brief), for appellant.
 John S. Martin, Jr., New York City (Neil S. Saltzman, Granick, Garson, Silverman & Nowicki, New City, N. Y., on the brief), for appellees and third-party plaintiffs.
 Before SMITH, KAUFMAN and HAYS, Circuit Judges.
 PER CURIAM.
 
 
 1
 In 1966 Suffern Building Supply Company, a retail supplier of masonry materials, was in debt to several of its suppliers, including the United States Gypsum Company and appellant Faber Cement Block Company, a manufacturer of cement and cinder blocks. In October 1966, Suffern transferred the land on which the business was located to Pauless Realty Corporation. United States Gypsum initiated an action to have the conveyance set aside as fraudulent, but discontinued it after Suffern filed an assignment for the benefit of creditors in the Rockland County Supreme Court, and Pauless paid Lawrence C. Gutman, the assignee, $35,000 in settlement of creditors' claims arising out of the allegedly fraudulent conveyance. While Faber contends that it never consented to the assignment, it did file a claim with the assignee for a pro-rata share of dividends — though none appear to have been received.
 
 
 2
 Apparently dissatisfied with proceedings in the New York courts, Faber sued in the United States District Court for the Southern District of New York to set aside the conveyance by Suffern to Pauless as fraudulent, despite the assignee's settlement of that claim with Pauless. Judge Ryan granted defendants' motion for summary judgment of dismissal, and plaintiffs took this appeal.
 
 
 3
 Under the New York Debtor and Creditor Law, § 20, McKinney's Consol. Laws, c. 12 (McKinney Supp.1969), the court in which the assignment for the benefit of creditors is filed is vested with "full jurisdiction to do all and every act relating to the assigned estate, the assignees, assignors and creditors, and * * * the court may exercise the powers of a court of equity * * *." See also Florence Trading Corp. v. Rosenberg, 128 F.2d 557, 559 (2d Cir. 1942). The federal courts have long followed the salutary principle that in bankruptcy cases we should favor those "`methods of procedure as shall serve to conciliate the distinct and independent tribunals of the States and of the Union, so that they may cooperate as harmonious members of a judicial system coextensive with the United States.'" United States v. Bank of New York & Trust Co., 296 U.S. 463, 478, 56 S.Ct. 343, 347, 80 L. Ed. 331 (1936). Since the assignment is filed with the Rockland County Supreme Court, that body has full jurisdiction over the assignee, and is the logical forum to prevent piecemeal litigation of in dividual suits. We are disinclined to interfere with the orderly administration of the assignment in the New York courts, and thus agree with the district court that the action was properly dismissed.
 
 
 4
 In addition, it appears that under New York law only the assignee may bring suit to set aside a conveyance attacked as fraudulent. See Loos v. Wilkinson, 110 N.Y. 195, 18 N.E. 99 (1888). If dissatisfied, Faber has a ready remedy in a suit on behalf of the assignee to set aside the transaction. See Spelman v. Freedman, 130 N.Y. 421, 29 N.E. 765 (1892).
 
 
 5
 The judgment dismissing the complaint is affirmed.